The opinion of the Court was delivered by
Tilghman C. J.
The single question in this case is, whether an action can be supported by a gentleman of the bar, against his client, for advice and services in the trial of a cause, over and above the attorney’s fees allowed by act of assembly. Without doubt no such action lies at common law. The connection between counsel and client, in contemplation of law, is honourable indeed. The counsellor renders his best services, and trusts to the gratitude of his client for reward. In the language of Blackstone, “ a counsel can maintain no action for his fees, which are given, not as locatio vel condueño, but as quiddam honorarium ; not as a salary, or hire, but as a mere gratuity, which a counsellor cannot demand, without doing wrong to his reputation.” The opinion of Blackstone, is founded on the best authority. In the case of Moor v. Row, 1 Ch. Rep. 38, (in the 5th year of Charles I.,) a counsellor’s bill for fees, was dismissed, on demurrer. In Thornhill v. Evans, 2 Atk. 332, Lord Hardwicke declared, that the Court would not suffer a gentleman of the bar, to maintain an action for fees. This then *416 is the law which our ancestors brought with them when they emigrated from England: nor did they or their successors think proper to alter it. It was never altered by act °f assembly, nor by practice; for it is not pretended that an action for fees, was ever sustained, before our revolution, or in this Court, since the revolution. Actions have indeed been supported on notes and obligations, given by clients for services rendered. But that is quite a different thing. A client is under no obligation to give either bond note or money. But he may give all, or either if he pleases ; and if he does so, it is lawful for the counsel to accept them ; and in case of non-payment, ah action may be supported, because the consideration is lawful. In England, physicians are placed on the same honourable footing as counsel. They cannot sue for fees. But to prevent improper inferences from being drawn with respect to physicians, we think proper to say, that as regards them, the law is held differently in Pennsylvania, and this difference is founded on practice, and act of assembly.
As to the gentlemen of the bar, although some plausible arguments have been urged in support of their action, yet upon the whole, it appears to the Court, that the policy of refusing this remedy has not been adopted without great consideration. The field is ample, and would admit of a long discussion. But it is enough for us, that no principle of law has been more clearly laid down, and that there is sufficient evidence of its being one of those principles which was adopted on the settlement of Pennsylvania. We are therefore of opinion, that the action cannot be supported, and the judgment should be reversed.
Gibson J. and Duncan J. concurred.
Judgment reversed.