Gibson J.
How far, or under what circumstances, a plaintiff may shew that a particular part of his demand in a former action was omitted to be prosecuted, is net very accurately defined in any of the cases. It is a general rule, that an averment, which goes to contradict the record, is inadmissible ; though where it stands with the record, and falsifies no fact appearing on its face, it is permitted; as in Aynd’s case, (4 Rep. 71.) This rule has, however, been so far relaxed, as to allow a fact to be averred against the ■formal part of a record, as where the actual time of issuing a writ, or signing a judgment was material, Hargreave's Assigness v. Smith, (2 Burn 950.) In such a case, it would .be palpably unjust, that a party should be concluded by form, over which he had no control, and which could not be adapted to the special facts of the case. But in no instance has a party been permitted to aver a fact against a material part of the record; and this rule will, I apprehend, be found to govern in all the cases on the subject before us. The question will then be, how far have the jury, in-the action first tried, professed to pass on the matters put in issue by the pleadings ? It is the duty of the jury to find the whole -issue, and if they fail in this, their verdict is bad. (1 Inst. 227.) The line of distinction seems, therefore, to be drawn between eases where the cause of action is entire,' and those -where it consists of distinct parts easily separable, without inconvenience or confusion, and where the record shews the jury have not passed on 'the matter controverted in the second action. Thus where the declaration contained a count •on a promissory note,- and also one for goods sold and delivered, the plaintiff has been allowed to shew, that "he went before the jury for but a part of his demand. Here he contends, the contract was not entire, because the defendant was, by its terms,- to pay the price of the land by instalments; the first of which consisted of one hundred pounds, and the remainder of fifty pounds, payable either in two years after the first was due, op by two annual payments of twenty-five pounds each; and hence, that he might readily omit to give evidence of the forty pounds, part of the first instalment, for which the present suit was brought, although it was includ *60 ed in the declaration. But although the demand may have originally consisted of distinct parts, the plaintiff chose to treat it as entire. He set out an assumpsit to pay one hundred and fifty pounds by instalments with an averment of the actual payment of sixty pounds, and then assigned the breach as being the non payment of ninety pounds, the residue of the whole sum due. Here then, he counted for a gross sum, without regard to its constituent parts, which could have been separated on the record, if at all, only by assigning separate breaches. The matter, I apprehend depends not on the natiire of the demand, as it appeared in evidence, but on the manner in which it was set out in the declaration. Where there are several counts, and the verdict is taken only on one, it will be good, if every thing that was in issue on that particular count be found ; because each is, in effect, a distinct declaration. Hill v. Lewis, (Salk. 133. 1 Vent. 27.) Where, therefore, evidence has been omitted to be given on a particular count on which there was no finding, the same matter may be enquired into in a subsequent action, for that stands with the record. But if a verdict finding several issues, be produced in evidence, the opposite party will not be allowed to shew, that no evidence was given on one of the issues, and that the finding was indorsed on the postea by mistake, the record being conclusive, that the fact was as it is therein stated. (Phillips’s Ev. 218, 219.) On this ground, I entirely dissent from the decision in Snider & Vanvechten v. Croy, (2 Johns. 227,) in which it appeared, that the declaration in the former suit, contained but one count, which charged the defendant with an injury done to two horses, but it appearing at the trial, that the tresspass on one of the horses, was committed on one day, and the other, on another day, the Court compelled the plaintiff to elect for which trespass he would go; after which, the jury were charged to confine the damages to that trespass only, which they in fact did. To a second action for the trespass thus withdrawn, the defendant pleaded the former recovery, and on demurer to the replication, it was held, that the former verdict under these circumstances, was no bar. Kent, C. J., grounded the opinion of the Court, which he delivered, on the authority of Seddon v. Tutop, 6 Term. Rep. 607, without adverting to the remarkable fact, that the cause of action withdrawn, was in that case, con *61 tained in a separate count, on which no damages were assessed; and that, therefore, the allegation in the second action, did not contradict the record of the first. Where the plaintiff wishes to withdraw part of the cause of action contained in a single count, the proper mode is to enter a nolle prosequi, for that part; which will shew on the record, exactly what was submitted to the jury, and will be no bar to a subsequent suit. 1 Saund. 207. note 2. I therefore think the strength of the defendant’s case is, that the plaintiff chose to consider his demand as entire, and cannot, therefore, be permitted so to explain the record, as to shew, that what appears on its face to have been full satisfaction, wars in reality only satisfaction in part, and that the jury passed on but a part of a demand, which by his own former shewing was indivisible. Markham v. Middleton, (2 Stra. 1259,) fully goes this length ; where it was held, that the assessing of a penny dámages, would be conclusive for the whole of an entire claim, though the plaintiff gave no evidence before the inquest. The same principle governs in those cases of submission to arbitration of all demands, which either party had against the other, in which the award is conclusive as to demands existing at the time of the submission, though not laid before the arbitrators ; and this, because; the party shall not be permitted to act inconsistently with the manner in which he professes on the record to prosecute his claims, but shall be estopped by it. This doctrine is not merely technical, but reasonable. To permit a plaintiff, on any terms, to prosecute, in a second action, what was included, and might have been recovered, in the first, even where both grounds were kept entirely separate, is a delicate matter, always attended by uncertainty, and seldom without inconvenience. Where, therefore, he chooses to blend distinct grounds of action on the record, so as to render their severance at the trial, more inconvenient, and in its consequences, more uncertain than it would otherwise be, he ought not to complain, if he be held to an abandonment of every thing he did not bring forward at the first trial.
The plaintiff’s counsel however, has argued, that by the pleadings, the single fact of the present cause of action having been enquired into in the action pleaded in bar, was put in issue ; and that, if that was a matter proper to be pleaded, it Was also proper to be given in evidence, and as the defend *62 ant did not demur to the replication, he could not object to the evidence, which went directly to prove the issue. This, at first view, struck me with considerable force; for the competency of evidence depends not on the validity of the plea under which it is offered, but on its pertinency to the issue. But what was the issue ? A replication to a plea of former recovery, which is always an evasive plea, necessarily contains a new assignment of the cause of action, with .an averment, that the recovery pleaded, was not for the same, 'but another and a different cause. Here the replication was, that the recovery was for a different cause, and .that the present cause of action was not enquired into in the former ■suit. Only the first part of this replication, which was, according to our practice, entered by a brief minute of its substance, contained relevant matter; for whether the. present cause of action had been enquired into, was not the question, but whether the cause of action contained in the declaration was the same as that laid in the second suit. He could only aver, that the grounds of action contained in each declaration, were essentially different} and, although he did aver it, he, at the same time, coupled it with another allegation totally irrelevant. The defendant,’ therefore, could not demur, without confessing the matter that was relevant; and which would have been sufficient to conclude him. He •might then well consider the irrelevant matter as a nullity, and take issue on that which was pertinent. What was irrelevant, therefore, formed no part of the issue. I am aware, that this decision may bear hard on the justice of the cause, and I regret it: but it is peculiarly the province of a court of error, to hold the rule steady, and see that the particular equity of the case do not prevail over the law.
Judgment affirmed.