The opinion of the court was delivered by
Duncan, J.
It is impossible to doubt, but that both suits were for the same cause. The rule of law is, nemo debet bis vexari pro eadem causa.. Where one is barred in any action, real or personal, by demurrer, confession, verdict, (and here the report of arbitrators was the same thing as a verdict,) he is barred as to that or the like action of the same nature, for the same thing, for ever. In persUhal actions, the bar is universal; upon real actions he may have an action of a like nature. Here, by aetion of a like nature, must be meant aetion in a similar degree, not merely those which have a similitude of form. All personal actions are of the same degree, therefore each is a perpetual bar. Ferrer’s Case, 6 Co. 7. Cro. El. 667. Hitchin v. Campbell, 2 Wm. Bl. 827. 5 Co. 61. Sparry’s Case gives the history of this rule, and shows when it commenced its progress, and the legal distinctions. The rule will as well apply where one action is on a statute, and the other at common law. For, though the statute gives a remedy in a matter actionable at common law, the remedies are cumulative. But, by that is not meant that they are double remedies. The party may Sue at common law, and waive his statute remedy, and so vice versa. Reese v. Emerick, 6 Serg. & Rawle, 288. But, by bringing one aetion, he waives the other.
I am riot quite persuaded, but that the evidence given of former judgment might have been given, on the general issue. If it had been the action on the case, at common law, this clearly might have been done. That action is-not siricti juris; and, whatever would defeat the action, may bp given in evidence on this issue. Bird v. Randall, 3 Burr. 1363. And it was suggested, by Mr. Justice Dennison, in that case, that where both actions conclusively appeared on the record, to be for the same thing, the count would not put the party to plead, but relieve on motion.
*248 But, waiving the consideration, whether or not it could be given in evidence on the general issue, it is certainly a meritorious and conclusive plea, and it would be hard to foreclose the party, by his step in not pleading it in time. And this is one of the cases, in .which, by the provision in the act for regulating arbitrations and proceedings in courts of justice, was intended, and to which it maybe justly applied, ‘íthat no plaintiff shall be nonsuited for informality in any statement, or declaration filed, or by reason of any informality in entering a plea; but when, ill the opinion of the court, such informality will affect the merits of the cause in controversy, the plaintiff shall be permitted to amend his declaration, and the defendant may alter his plea or defence on or beforé the trial'of the cause.” The court is made the judge, whether it would affect the merits of the cause; and here the court decided, and most justly, too, that it would. This provision in the act may be used sometimes as an instrumentof vexation and delay; but this plaintiff cannot justly complain of vexation, who has himself vexed the defendant twice for the same thing. The reason for receiving a plea is much stronger than amending a declaration. The court will not suffer, under pretence of amendment, after the jury is sworn, a new cause of action to be introduced; because, then he might bring a new action, and recover. But in case of the refusal of a new plea, the defendant would be gone for ever; and he certainly may be permitted to add a new plea, however inconsistent it may be with any former plea. The plea, therefore, was properly received, and the plaintiff, by demurring to it, admitted its truth. The defendant, by putting in this plea, withdrew his other plea, and the judgment absolute only could be rendered; the defendant had nothing further to answer, and, therefore, there could not be a judgment of respondeat ouster: The plea is not very formally drawn, but the informalities could only be taken advantage of on special, and not not on general demurrer.
Judgment affirmed.