The opinion of the court was delivered by
Rogers, J.
This is an action on the case for the continuance of a nuisance, to which the defendant has pleaded not guilty, license, and the statute of limitations. Replication, No license, actio non ac~ icrevit infra sex annos, issues, and rule for trial. To maintain the issue on his part, the plaintiff gave in evidence, among other things, the record of a suit in the Common Pleas of Lancaster county, to the April term, 1815, No. 308, Christian Kilheffer v. Benjamin Herr, in which the pleas were not guilty, license, and the act of limitations, issue, &c. There were the same parties, the same pleas, and, it appears most satisfactorily to the court, the same matter in controversy. The defence relied on, in each .case, rested on an indenture between John Kilheffer and John Stoner, which contains a license for the erection of a dam not exceeding the height of six feet seven inches, to be measured in the middle thereof from a certain rock, whereon the same now is, and stands erected and built. The location of this rock appears to have been the bone of contention in both suits. This defence, which, in all probability, would have availed the defendant, had the facts been ¡known at the first trial, has been passed upon by the jury, who have negatived the defendant’s plea by a general verdict for the plaintiff. The first question which presents itself is the conclusiveness of the record of the verdict in the first suit; and on this part of the caáe the court entertain no doubt. A verdict for the same cause of action, between the same parties, is conclusive; for when a court of competent jurisdiction has adjudicated directly upon a particular matter, the same point is not open to inquiry in a subsequent suit, for the same cause, and between the same parties. It may be *320 a great misfortune, as in this case, that from causes ovér which he had no control, the party may not have been properly prepared for trial. It is, however, a misfortune which this court cannot remedy, as the rule is settled on the principle, that there must be an end of litigation, and to provide against the loss of testimony, and as the defendant had an opportunity of showing the truth of the fact, he shall not afterwards be permitted to contradict a record to which he is a party. He is estopped to deny that which has been solemnly ruled against him. We shall, therefore, take it as settled, that the erection of the dam, complained of in the first suit, is not open to inquiry, in an action for the continuance of the nuisance. All the plaintiff was bound to do, was to give in evidence the former recovery, to prove, that the dam had undergone no alteration, but continued the same, and his right of action was complete. From a variety of cases, says Chief Justice De Grey, in delivering his celebrated judgment, in the case of, the Duchess of Kingston, relative to judgments being given in evidence in civil suits, it seems to follow as generally true, that the judgment of a court of competent jurisdiction, directly upon the point, is, as a plea in bar, or as evidence conclusive, upon the same parties, upon the same matter directly in question in another court.' The verdict must be considered as conclusive between the same parties, in regard to the same matter; otherwise .it would be, in effect, permitting one jury to review the decision of another. These principles are supported by the whole current of cases in England and in this country, as will be seen by reference to Brookway v. Kinney, 2 Johns. Rep. 210. Rice v. King, 7 Johns. Rep. 20. Platner v. Best, 11 Johns. Rep. 530. Shelton v. Barbour, 2 Wash. Rep. 64. Preston v. Hamey, 2 Hen. & Munf. 55.
In Baxter and others v. The New England Insurance Company, 6 Mass. Rep. 277, 286, the law is summed up in this manner: “ This proposition I think to be universally true, that a person, in all cases is concluded by a decree, sentence, or judgment of a court of competent and exclusive jurisdiction, in a suit in which he w.as a party, in all future trials of the same question, and whether that question arises directly or collaterally, provided there be ño contract between, the parties to the contrary. It is conclusive, hot only of the right which it establishes, but of the fact which it directly decides.” This was established, and well known as a prinple of English law at, and long previous to the revolution. The same principle was recognised in Ross v. Heble, 6 Serg. & Rawle, 57. Indeed, the dpctrine does not seem to have been questioned; as it appears to have been admitted, that if the matter had been res judicata, it could not be reheard. To apply these cases to the present, — in.the first suit, the point in contest was the license, alleged by, the .defendant for the erection of the, dam. This was passed upon, and directly decided, and the defendant now seeks a re-examination of that question, on thé ground of new-discovered *321 testimony. It is said, that this is an equitable defence, and that a Court of Chancery would, in such cases, afford relief to the defendant; and it would have been well if the counsel had shown some authority to sustain the position. The truth is, a Court of Chancery cannot relieve against the law. They are as much bound by these principles as any other tribunal. Their jurisdiction is not an arbitrary jurisdiction, but is governed by precedent and adjudged casespand however a chancellor may have lamented the misfortune of the defendant, in not having the necessary proof at the first trial, he could have afforded no relief. As soon as it was discovered, that the matter was res judicata, he would have been equally bound, as a court of common law. .It is better that an individual should suffer, than that the great land marks of the law should be overturned. No prudent man would, I think, be willing to invest any judicial tribunal with so formidable a power. Thus in Ex parte Goodwin, 2 Vern. 696, a bankrupt having his certificate allowed, and having slipped his time of pleading it at law, to a debt precedent to the bankruptcy, is not to be relieved in equity. The chancellor says,-a Court of Chancery is not to alter the law. Again, a Court of Equity is not to relieve either mispleading, or where thereis neglect, or want of plea, or no proper plea put in in time. It is in vain to talk of fraud. This does not come within that class of cases, but is the discovery of testimony which it vfas not in the power of the defendant to produce on the first trial.
Taking it then as proved, that a court of competent jurisdiction has adjudicated upon the very point in controversy, it remains next to inquire, whether' the record of the former recovery be in this case conclusive evidence. It is admitted to be prima facie, but it is strenuously contended, that the jury are not concluded from inquiring into the truth of the fact. In this part of the case, it becomes important to attend to the pleadings. The gravamen of the plaintiff’s suit is said to be the continuance, and not the.erection of the nuisance, and so far as damages are claimed, the position of the plaintiff’s counsel is correct. It is impossible, however, to continue a nuisance unless a nuisance existed; and to maintain the plaintiff’s action, the record of the former suit must have been given in evidence, or the plaintiff must here become nonsuit. The defendant’s plea of license, I do not understand as extending only to the continuance, but is co-extensive with the allegation in plaintiff’s declaration, that there was a nuisance, which had been continued. It is impossible to separate the continuance of a nuisance from the original erection. The whole difficulty arises from our short mode of pleading. Had the defendant been called on to spread his plea on the record, it would, I take it for granted, have contained a statement of facts which were given in evidence to thejury. Had that been done, the plaintiff might demurred, by which the whole matter would have been referred to the court, *322 pleaded the former recovery, by way of estoppel, or have taken issue on the fact, license or no license. He has not thought proper to do so; but, as the defendant has pleaded generally, a license, he has replied in the same manner, that there was no.license. He has elected to refer the matter to" the jury, and the question then is, whether the jury are precluded fróm inquiring into the truth of the case. If a party will not rely on estoppel when he may, but takes issue on the fact, the jury will not be bound by the estoppel, for they are sworn to find the truth of the' fact. They cannot, it is true, find against any thing which the parties themselves have affirmed, or admitted on the record, for that would be going out of the issue, although such admission be contrary to the truth; but in other cases, though the parties be estopped to say the truth, the jury are not. 1 Salk. 276. Bull. N. P. 298. And of this the defendant cannot complain, as instead of praying judgment of the court, whether the defendant ought to be admitted, or received to his plea of license, &c. contrary to the record, he takes issue on the fact of the existence of the license.- The former verdict was powerful evidence to. guide the jury, in the second suit, but that they were not absolutely bound by if, is apparent from adjudged cases in England, and in our sister states. Slight grounds would not justify the jury in disregarding the first finding, but we are to presume, that circumstances were, shown, sufficient to warrant the second verdict, that a license had been gi-ven, to authorize the erection of the dam of the defendant.
These principles only apply where special pleading is required, for I grant, that where the parties are not bound to plead or reply, specially, the record of a former recovery is conclusive evidence, binding the plaintiff, the court and the jury, as in actions of assumpsit and debt. In such case the party has no choice, and shall not be considered as having elected to have a reinvestigation of the facts. And this is the meaning of Chief Justice De G-bev, when he says, “this is, as a plea in bar, and as evidence conclusive, between the same parties.” In order to make the former recovery conclusive, it is necessary,yvhere special pleading is required, that it be pleaded by way of estoppel. By this plea, he prays judgment of the court,, whether the defendant ought to be admitted, or received to his plea of license, contrary to the record. Upon the same principle, says Phillips, in his Treatise on Evidence, page 223, it is presumed, a judgment will be as evidence conclusive between the same parlies, in those eases where it can be given in evidence without being specially pleaded. The rule has been expressly declared, with reference to the judgments of courts of concurrent jurisdiction, and it seems to be equally applicable in principle to a former judgment of the same court. Thus, in an action of assumpsit, the defendant may either plead a judgment recovered, or give it in evidence, under the general issue; and it is difficult to assign a reason, why the judgment should not have the same conclusive *323 operation, if given in evidence without pleading, as it would -be admitted to have, if pleaded in bar.
In Bull. N P. 298, it is stated, the jury cannot find any thing against that which the parties have affirmed and admitted of record, though the truth be contrary; but in other cases, though the parties be estopped to say the truth, the jury are not; as in Goddard’s case, where the bond was dated nine months after the execution, and after the death of the obligor. 2 Co. 4, b. Thus Goddard, as administrator of James Newton, brought an action of debt against John Denton, upon a bond made to the intestate, bearing date the 4th. of April. 24 Eliz. The defendant pleaded, that the intestate died before the date of the bond, and so concluded, that the said writing was not his deed, upon which they were at issue; the jury found specially, that the defendant did deliver it as his deed, the 30th of July, 23 Eliz., and that the intestate was living the 30th of July, and that he died before the date of .the bond; and prayed the advice of the court, whether this was the defendant’s deed. And it was adjudged by Anderson, Chief Justice, Windham, Ferian and Walmesrey, that it was his deed; and.the reason of the judgment was, that although the obligee, in pleading, cannot allege the delivery before the date, because he is estopped to take an averment against any thing expressed in the deed, yet the jurors, who are sworn to say the truth, shall not be estopped, for ah estoppel is to conclude them to say the truth; and, therefore, jurors cannot be estopped, because they are sworn to say the truth. In Trevivan v. Lawrence, 1 Salk., the court-held, that not only the parties, and all claiming under them, but the court, and jury, were bound by an estoppel, and that the jury could not find .against the estoppel; but the court took this distinction, which is immediately applicable to the question now under review, that where the plaintiff’s title is by estoppel, and the defendant pleads-the general issue, the jury are bound by the estoppel; for here is a title in the plaintiff) that is a good title in law, and a good title if the matter had been disclosed and relied on in pleading; but if the defendant pleads the special matter, and the plaintiff vvill not rely on the estoppel when .he may, (which is this case,) but takes issue on the fact, the jury shall not be bound by the estoppel, for they are to find the truth of the fact. Thus in debt for rent, on an indenture of lease, if the defendant plead nil debet, he cannot give in evidence, that the plaintiff had nothing in the tenement; because, if he had pleaded that specially, the plaintiff might have replied, the indenture, and estopped him; but, if the defendant plead nihil habent, and the plaintiff will not rely on the estoppel, but reply, habent, &c., he waives the estoppel, and. leaves-it-at large, and the jury shall find the truth, notwithstanding his indenture. And here, let it be noticed, that this case not only establishes the general principle, but. the distinction taken, that the rule applies only where the defendant is bound to plead specially. When he elects to go before *324 the jury, he waives the estoppel, and refers the truth of the fact of the'license, to be determined by the jury at large. This doctrine, thus early recognised, has continued, and now is the law of England, 1 Starkie, 206. The same doctrine has been taken in our sister states, Kentucky and Connecticut; nor.can I perceive that it.has ever been infringed in any adjudged case. Church v. Leavenworth, 4 Day, 274. Canaan v. Greenwood, 1 Con. Rep. 1. Turnpike and Edwards v. M‘Connell, Cooke’s Rep. 205. The cases of Shelton v. Barbour, 2 Wash. Rep. 64, Preston v. Harvey, 2 Hen. & Munf 55, turned on the conclusive nature of the judgment, without reference to the pleadings. Their attention does not appear to have been drawn to the point; and, however I may respect the opinion of these courts, I do not consider these cases as affecting this question. It will be seen, that we do not entirely agree with Chief Justice Swift, in the case of Church v. Leavenworth, where he says, that verdicts are never conclusive, unless they are pleaded specially, by way of estoppel. The rule must be taken with the qualification before stated. .The cases onwhich he relies do not, I conceive, support the position in the broad manner laid down, as I apprehend, could be easily shown, were the cases open to examination. I, however, must cheerfully concur with him in the opinion, that we may,as well question any other principle of the common law as this. If the ground is to be taken, that because we doubt the reason, or propriety of. an established rule, wé are ¿t liberty to reject it, and substitute another for it, then.all principles are again thrown afloat on the ocean of uncertainty, without any compass but the discretion of the judge..
The, foundation of the law is not laid on such a fluctuating basis. It has been pronounced, by the greatest jurists,-to be the perfection of .reason, not of every man’s natural reason, but an artificial perfection of reason, gathered by long study, observation, and experience. Co. Lit. 97, b.
Two other bills of exceptions have been pressed upon the attention of the court. The first is the declaration of Godfrey Blyth, which becomes evidence, in consequence of the presence and assent of the plaintiff. ■
The second, w'e consider as the ascertainment of a fact, which can be done without the presence of the parties. Although Kilheffer may not have been within eaV-shot at the time, yet he, with others, had gone there for the purpose of ascertaining the mark, and the admeasurement of the height of the dam, from that mark. His accidental, or intentional absence, is no reason for rejecting the testimony. It is-the opinion of the court, that the judgment be affirmed.
Huston, J.
The question -how far, and in what cases a trial and judgment, in a court of competent jurisdiction, is conclusive of the same matter, coming directly or incidentally before another *325 court, and not by appeal or writ of error, is one of general consequence. The law seems not to.be disputed, but under what circumstances it will avail a party, has become a question. In England, before the year 1776, and long after, in Neiv York, Massachusetts, Virginia, Pennsylvania, and in the Supreme Court of the United States, it is held to be equally available, whether pleaded in bar, or givén in evidence, when the rules of law permit it, under the general issue, as in assumpsit, and in ejectment; but, in some late elementary writers, we find it laid down on the authority of a distinguished English judge, (.who has introduced more changes into Westminster Hall than any other ancient or modern judge,) that it is only available when pleaded as an estoppel. On full consideration, I incline to the opinion, that this latter change is not an improvement, but an error. It seems to be supported first, by the cases which say, that a jury is not bound by an estoppel; and, secondly, which say, that a Court of Equity is not.
An estoppel is always something personal — the party is estopped from recovering his claim, or proving his defence, by some act in law, or in deed, or in pais, which precludes him from going beyond it, and proving all the cáse. . It always arises from the act of the party estopped by it; but if the opponent,, instead of relying on this act, will go beyond it, and pufthe cause at issue on other, and especially anterior facts, the estoppel being waived by him who had a right to avail hiinself of it, ceases to operate. For example, a man sues in debt for rent on an indenture, the defendant pleads, that the plaintiff had no title to, nor possession of, the premises demised; if the plaintiff, instead of relying.on the indenture, which in ' law estops the defendant, will reply, and go to issue and trial on the facts pleaded by the defendant, the jury, who are always to try the facts in issue, are not estopped by ah indenture, not relied on by the plaintiff, from finding the truth.
So, in equity — a suit is brought at law on a bond executed by three, and judgment obtained; on application tó chancery, státing, that at the execution of the bond, it was expressly agreed, that each obligor should only be liable for one-third, and that the defendants being estopped by their deed from availing themselves of this agreement at law, the plaintiffs had issued execution, and levied the whole on the goods of one, — equity will grant an injunction and stay of execution against any one on his paying in one-third of the debt, interest, and 'costs; because the plaintiff is using, against justice and consciénce, a judgment fairly obtained, and equity is not bound by the estoppel, arising from the act of the obligors, in sealing the deed. ■
But a former trial, verdict and judgment is not the- act of the party, but of the tribunal which decided it, and to call it an estoppel, is a misapplication of.terms; it has not the distinguishing mark of an estoppel;' it is not the consequence of some act of the party bound by it; it is a bar to a future recovery in any court, on the *326 same point, between the same-parties, or privies, until reversed on appeal, or writ of error; and it is as much a bar in c-hancery, where an attempt is made to re-examine a matter once decided at law, as it is in a court of law; it is as much a bar in actions where ive cannot plead specially, as ejectment, as in any other action,' and as much a bar in an inferipr tribunal, where there are no pleadings, as in one where the pleadings are, or may.be drawn out at length. Such are my impressions on this point, believing that the courts in this, and tlie other states, and the Supreme Court of the United States, have put the matter on its true ground, viz. that the order and peace of society, the structure of our judiciary system, and the. principle's of our government, are the true grounds why such a judgment is conclusive. 'I am not willing to leave this ground and. rest it on the narrow and inapplicable one of estoppel. I also incline to the opinion, that even on a plea of a former trial, on the same point, &c., the issue is always to the country; for although it is pleaded with a proferí prout patet per recordum, yet the plea must go on, and put in issue, whether the parties are the same, the point the same, &c., and if plea does not do so, the replication, may put these matters in issue, and thus there will be no bar arising from a former decision. /
There are, however, cases in which it may not be possible that this, whether pleaded or given in evidence, will apply, as in a suit for continuing a nuisance of the kind now considered. The former verdict and judgment may have proceeded on the ground, that the license was void, but we can hardly suppose this, and in fact, this was not the issue, which if license, had been set out, and plea found, would have been, that-the'dam was not raised more than six feet seven inches. The former verdict and judgment will be conclusive that it then was; but in this suit for a continuance, perhaps instead of relying on vague testimony, that the dam was continued from 1815 to 1820, at nuisance height, the,true cause would be for-the jury to áscertain that it, in 1820, was or was not higher than six feet seven inches dear of the rock; and if it was, find for the plaintiff, if not, for the defendant. I say, this was perhaps the true course, for as the issue was not made up at length, we cannot tell whether that.verdict was given on the. ground, that there was no license, or on the ground, that the defendant had exceeded ithe height allowed by his deed. Whatever máy be made certain by the record, ought to appear by the record, but where that cannot be, as in ejectment, it may, nay must be made out by parol: as the plaintiff in this case might have had on the record the very point on which the former trial turned, and did not. I think the judge was riot wrong in permitting the evidence to go to the jury.
The other points I am not disposed to reverse for. In such a case, the previous-testimony must have so much effect in determining, whether a particular act or declaration of a party, is to be admitted .or rejected, that without it we cannot form a correct opinion. Gene» *327 rally when men claim together by some contract, and are together discussing it with' an opponent, the declarations of one, in presence of the other, is evidence against that other; but, where á trespass against one, is also, in some respects, alleged .to be a trespass against another, it would not be universally true, that the declarations of one trespassed on, would be. evidence to affect the other, though he was present and heard the expressions and did not dissent’: nor would it be universally true in all cases, that expressions in such circumstances, must be rejected by the court: something arises in almost every trial, some expressions are-used by many witnesses not legal evidence; and it often happens, that in the course of a trial, evidence comes out,- which, if known before, would have induced the judge to reject part of what had been previously received. The court will and dd explain this to the jury, and it seldom does any harm. I would not agree to reverse for any such hairbreadth mistakes.
I agree the judgment should be affirmed, but have thought the first point of sufficient importance to express my opinion on it.
Judgment affirmed.