## Long *against* Long.

In an action on the case for the erection of a nuisance, if a former recovery be pleaded by the defendant as an estoppel, and found by the jury to be the same cause of action, it is conclusive against the plaintiff; if it be not pleaded, but only relied upon as evidence under the general issue, the jury are not estopped.

ERROR to the common pleas of *Lebanon* county.

This was an action on the case for a nuisance, by Abraham Long against John Long, for erecting a dam, by which the water was swelled back upon the plaintiff's mill-wheels. The defendant pleaded not guilty, " and, for a further plea in this behalf, the said John Long, by leave of the court, here for this purpose first had and obtained, according to the form of the statute in such case made and provided, says that the said Abraham Long ought not to have or maintain his aforesaid action thereof against him, because, he says, that the said Abraham Long heretofore, to wit, to April term of the court of common pleas of Lebanon county, in the year of our Lord one thousand eight hundred and thirty, impleaded the said John Long in a certain plea of trespass on the case, for the very same identical premises and grievances in the said declaration mentioned; and such proceedings were thereupon had in the said suit, that afterwards, to wit, on the 9th day of January, in the year of our Lord eighteen hundred and thirty-four, there was a verdict of the jury, empannelled to try the same, in favour of John Long, the defendant, on which said verdict the said court rendered judgment in favour of him the said defendant, on the 14th of January 1834, as by the record and proceedings thereof still remaining in the said court of Lebanon, more fully and at large appears, which said judgment still remains in full force and effect, not in the least reversed or made void; and this he is ready to verify."

The plaintiff replied to the defendant's special plea, and averred, " that the recovery had and mentioned in the defendant's said special plea, ought to be no bar to this action of the said Abraham Long, because the trespass and grievances complained of in the plaintiff's declaration are not the very same identical premises and grievances complained of in, and stated in the defendant's special plea of a former recovery, but the trespasses and grievances complained of in this the plaintiff's declaration, are subsequent and different trespasses, committed since the suit in the said special plea mentioned was brought and instituted ; and this he is ready to verify, and puts himself upon the country."

" And the said John Long, as to the replication of the said Abraham Long to the said John Long's special plea, saith, that the said

[Long v. Long.]

Abraham Long ought not, by reason of any thing by him in that replication above alleged, to have or maintain his aforesaid action against him the said John Long, in respect of the said supposed trespasses and grievances in the plaintiff's declaration mentioned, because he says that he the said John Long is not guilty in manner and form as is alleged against him in the plaintiff's declaration, since the suit in the said special plea mentioned was brought and instituted; and of this he puts himself on the country," &c.

The defendant offered in evidence the record of a suit between the same parties, in Lebanon common pleas, of April term 1830, No. 29, and the verdict and judgment thereon in favour of the defendant, to show that this matter has already been decided upon between the parties, by a verdict and judgment for the defendant.

Objected to by the plaintiff, because it does not go to determine the issue joined in this cause; that the present suit is not brought for the same cause of action; that the present suit is not for a continuance of a nuisance or obstruction, but for an entire new cause of action, arising subsequent to the former suit and trial.

Objections overruled, and evidence admitted and record read. To which the plaintiffs excepted.

The court (Blythe, President) instructed the jury, that if they found the fact to be, that the swell of the water remained as it was when the former verdict and judgment were rendered for the defendant, it was an absolute bar to the plaintiff's recovery in this action. This was the subject of exception.

*Weidman* and *Kline*, for plaintiff in error.
*Pearson*, for defendant in error.

The opinion of the Court was delivered by

Rogers, J.—This was an action on the case for a nuisance in building a dam, which caused the water to flow back on the water-wheels of the plaintiff's mill, by which he was deprived of the benefits and profits of his mill. The defendant pleaded not guilty, and, in substance, that there was a verdict and judgment for the defendant in a former suit between the same parties, in which the same matter was in controversy. The plaintiff replied that the matters in controversy were not the same, but different, and on this they went to trial.

The record of the suit between the same parties went directly to support the special plea, and was, on that ground, clearly evidence; and whatever error may have been committed in the admission of the evidence in the second bill, worked no injury to the plaintiff, as the witness, when interrogated, would not undertake to judge, as he said, what caused the ripple to cease. Nor can I perceive any error in admitting the testimony contained in the third bill.

But the plaintiff complains of the charge. The court charged the jury, in substance, that if the swell of the water remained as it was

at the time of the former verdict and judgment for defendant, it was a flat bar to the plaintiff's recovery, and this opinion is in conformity to the case of Kellkoffer *v.* Herr, 17 *Serg. & Rawle* 319. The defendant pleaded the former recovery as an estoppel, and that case decides that this concludes the parties, when the same matter was in controversy between them. If the defendant had pleaded the general issue, and had relied on the former recovery by way of evidence, the jury would not have been estopped; but it is otherwise when pleaded as an estoppel. Here the subject matter of controversy was identically the same, and is so found by the jury; the court were, therefore, right in instructing the jury that the plaintiff, on this state of facts, had no cause of action.

Judgment affirmed.