8w　355
37SC　1579

## Gilchrist *against* Bale.

In an action on the case for enticing away the plaintiff's wife, the declarations of the wife, made immediately before, and at the time she left her husband, of his cruel treatment of her, are competent evidence for the defendant.

A former recovery, release, or satisfaction, cannot be given in evidence upon the general issue, in an action for a *tort*, but must be pleaded; but the rule is otherwise in an action on the case.

When a party has several remedies for an injury, the adoption of one of them and a recovery or satisfaction in it, will be a bar to a recovery in any other form of action. Hence a recovery in an action of trespass for taking away the plaintiff's wife, is a bar to a recovery in an action on the case between the same parties, for enticing her away.

In an action in the case for enticing away the plaintiff's wife, it is not necessary to lay in the declaration, a request of the plaintiff to deliver up his wife, and a refusal by the defendant.

ERROR to the common pleas of *Dauphin* county.

William Bale against Daniel Meader, Moses Meader, and Robert Gilchrist. This was an action of trespass on the case, for persuading, procuring, and enticing away the plaintiff's wife, for the purpose (as it was laid in two of the counts) " of affording a more convenient and uninterrupted opportunity to one of the said defendants (Gilchrist) to maintain, keep up, and continue, an unlawful criminal intercourse with the said wife of the plaintiff." Daniel and Moses Meader, two of the defendants were the father and brother of the plaintiff's wife.

After the plaintiff had established his case by proof, defendant offered to prove, that about ten days before Mrs Bale left her husband, she complained to Doctor Houtze, her attending physician, that her husband had treated her badly; had beat her, and showed marks on her arms she said she received by his beating, and asked him what she should do, and that he advised her to go to her father's and leave her husband, and that in ten or twelve days she went to her father's, and left her husband, in connection with proof that Bale treated her kindly as long as he thought he could get the 1000, dollar bond of Gilchrist to her, and when he found he could not get it, he treated her badly.

The plaintiff objected, that the declarations of the wife were not competent evidence. The court sustained the objection, and sealed a bill of exception at the instance of the defendant.

The defendant offered in evidence the record of an action of trespass by William Bale against Robert Gilchrist, founded upon the same transaction, but laid in the form of a trespass thus: — For that the said Robert Gilchrist, on the 30th day of July, in the year of our Lord one thousand eight hundred and thirty-six, and on divers

[Gilchrist v. Bale.]

other days and times between that day and the day of the commencement of this suit, with force and arms, &c., assaulted and illtreated Sarah Bale, then and still being the wife of the said William Bale, to wit: at Dauphin county aforesaid, and then and there debauched and carnally knew her, whereby he the said William Bale, for a long space of time, to wit, from the day and year first above mentioned, hitherto hath wholly lost and been deprived of the comfort, fellowship, aid and assistance of his said wife in his domestic affairs, which he the said William Bale, during all that time, ought to have had, and otherwise might and would have had, to wit, at Dauphin county aforesaid. And other wrongs to the said William Bale, then and there did against the peace, &c., and to the damage of the said William Bale, of 5000 dollars, and therefore he brings suit, &c.

In this action the plaintiff recovered a judgment for 225 dollars damages.

The plaintiff objected to this evidence as irrelevant, and the court rejected it, and sealed a bill of exceptions.

*J. A. Fisher*, for plaintiff in error, as to the first bill of exceptions, cited 3 *Penn. Rep.* 34; *Bull. N. P.* 287; 2 *Stark. Ev.* 403; 6 *East* 188; *Peake N. P.* 82. As to the rejection of the record, cited 1 *Chit. Pl.* 356–8; 3 *Burr.* 1353; 1 *Blac. Rep.* 388; 1 *Wils.* 45; 3 *Mod.* 176; 2 *Saund. Rep.* 155; 17 *Serg. & Rawle* 319; 2 *Rawle* 339.

*Rawn*, for defendant in error, on the first point cited *Willis Rep.* 577. On the second, 13 *Serg. & Rawle* 29, 85; 3 *Mass.* 317; 6 *Term Rep.* 221; *Bull. N. P.* 78; 10 *Serg. & Rawle* 185; 10 *Wend.* 338.

The opinion of the Court was delivered by

ROGERS, J.—The *gravamen* of the action is the enticing away the plaintiff's wife. There was no direct and positive proof of any combination between the defendants for the purpose, but the jury was asked to infer their participation in her abduction, from their acts, declarations and conduct before, at the time, and after her departure from the dwelling of her husband. To disprove the allegation in the declaration, that the wife deserted her husband by the advice and at the procurement and solicitation of the defendants, they offered to prove by her attending physician, that about ten days before Mrs Bale left her husband, she complained that he had treated her badly; that she showed marks on her arms which she said she had received from his beating her; and asked him what she should do. That he advised her to go to her father's and leave her husband. This evidence was offered in connection with proof that Bale treated her kindly as long as he thought he could, by that means, prevail upon her to deliver up a certain bond for 1000 dollars, which the defendant Gilchrist had given to her.

[Gilchrist v. Bale.]

The evidence was very pertinent; for if Mrs Bale left her husband in consequence of ill treatment, it was an answer to the plaintiff's action. The material part of the testimony was the advice of the witness that she should leave her husband. The residue of the offer explains the reasons which induced him to give this advice, and were evidence in explanation. The witness saw the marks on her arm, and was informed by her, at the time, that they arose from the ill treatment of her husband. If I am correct, the latter part of the offer was unconnected with information derived from Mrs Bale, and in that view was undoubtedly evidence, as it tended to show the motives which governed the wife in leaving the protection of her husband. It is said that this may have been a contrivance between the wife and the defendants, and it may have been so; but the court would not be justified in excluding testimony from a jury, on the ground of suspicion that there may have been unfair and improper conduct. Of this, the jury are the best judges; such matters go to the credit rather than the competency of testimony. It is a general rule that the declarations of a husband or a wife cannot be received in evidence against each other, either civilly or criminally. But this rule cannot be extended to all possible cases; for where no confidence has been violated, the law has admitted of some exceptions. Thus in Aveson *v.* Lord Kennard, 6 *East* 188, in an action by the husband on a policy of insurance on the life of his wife, declarations by the wife, made by her when lying in bed, apparently ill, stating the bad state of her health, &c., and her apprehensions that she could not live ten days longer, by which time the policy was to be returned, are admissible in evidence to show her own opinion of the ill state of her health at the time of effecting the policy. In the argument, it was stated by the counsel, that the declarations by the wife upon her elopement from her husband, accusing him of misconduct, could not be given in evidence against him in an action against the adulterer. To this Lord Ellenborough replied: "It is not so clear that her declarations, made at the time, would not be evidence under any circumstances. If she declared at the time that she fled from immediate terror of personal violence from her husband, I should admit the evidence, though not if it were a collateral declaration of some matter which happened at another time." For the same case, in illustration, his lordship referred to Thompson and Wife *v.* Freeman, *Skinner* 402, where, in an action by the husband and wife for wounding the wife, Lord C. J. Holt, allowed what the wife said immediately upon the injury received, and before she had time to devise any thing for her own advantage, to be given in evidence as part of the *res gesta.* The motives which induced Mrs Bale to desert her husband, are the matters in controversy; and his conduct about that time has a material bearing on the issue. The defendants allege that she left him, not for the cause assigned in the declaration, but because of his wicked and brutal conduct. This,

VIII.—2 F

in most cases, cannot be shown, except by her declarations made at the time to her relations and friends. Few persons are so lost to every sense of propriety as to act thus in public. The treatment of which she has most reason to complain, is usually acted in secret, and can only be known from her complaints, or, as here, from marks of violence on her person. When an act is done to which it is necessary to ascribe a motive, it is always considered that what is said at the time, from whence the motive may be collected, is part of the *res gesta.* It was necessary to explain the reason the witness advised her to leave her husband, and for this purpose her complaints of ill treatment, with the marks of violence on her person, were competent testimony. When the conduct of the wife is in question, her declarations have been held admissible for her husband in an action against him. Thus in an action for necessaries supplied to the wife, the defence being that her husband had turned her out of doors for adultery, her declarations as to her adultery, made previously to her expulsion, were admitted. Abbot, C. J., 1 *C. & P.* 621.

The defendants also complain of the rejection of the record of the action of trespass, *vi et armis,* for criminal connection with the plaintiff's wife.

This is an action on the case, and a difference is taken between such actions and actions in tort, which are *stricti juris.* A former recovery, release or satisfaction cannot be given in evidence in an action for tort, on the general issue, but must be pleaded; but an action on the case is founded on the mere justice and conscience of the plaintiff's case, and is in the nature of a bill in equity, and therefore a former recovery, release or satisfaction need not be pleaded, but may be given in evidence under the general issue. For whatever will, in equity and conscience, according to the circumstances of the case, bar the plaintiff's recovery, may, in this action, be given in evidence by the defendant: because the plaintiff must recover upon the justice and conscience of his case, and upon that only. Bird *v.* Randall, 3 *Burr.* 1353; 1 *Wils* 45; Thillhaffer *v.* Herr, 17 *Serg. & Rawle* 319. There is, therefore, no reasonable doubt, on authority, that the evidence was admissible on the pleading, if in other respects unexceptionable. The actions were brought on the same day, covered the same space of time, and the question is, whether they are not, in substance, for the same injury. A former recovery is no bar, unless it be for the same injury, but where the plaintiff has received a full satisfaction, for the same cause, he cannot recover a second time. And this does not depend on the form of the suit; for the inquiry in every case is, whether the former recovery or satisfaction was for the same thing, or whether the grounds of controversy in the two actions are the same. Thus, when a person takes the personal property of another, and sells it, the owner may elect either of four remedies, trespass, replevin, trover, or an action on the case, for money had and received, but a

[Gilchrist v. Bale.]

recovery in one, may be pleaded in bar to another action, although differing in form, for the same injury.　When A enters the close of B, cuts down his timber, and takes and carries it away, as in Cochran and Wife *v.* Castlere, *Co. E.* 96, the plaintiff may bring trespass *quare clausum fregit*, and recover for the trespass in entering the close, and also for the value of the timber under improvement. But such a recovery would be a bar to an action of replevin, trover, and to an action on the case, for the value of the timber.　No person can recover a double satisfaction for the same injury, and *nemo debet bis vexari pro eadem causa.*　Whether a recovery for the value of articles would be a bar to an action for breaking the close merely, it is not necessary to decide, and is not so clear.

For what injury did the plaintiff recover, in the action of trespass? or, what is the same thing, as was ruled in Hess *v.* Hall, 6 *eeble* *Serg. & Rawle*, what might he have recovered?　In the first action the plaintiff does not declare for the criminal conversation alone, but he also demands damages for depriving him of the comfort and society of his wife, during the whole time laid in the present action. He elects to consider the whole as one offence, and it can not be questioned that he did or might have recovered, in the first suit, for all the injury he received from the defendant, including not only the criminal intercourse with her, but also compensation for her desertion at the solicitation of the defendant, and thereby depriving him, in the language of the declaration, of her aid, comfort and assistance.　Gavin *v.* Dawson, 13 *Serg. & Rawle* 246, was decided on this principle.　Gavin brought two suits against Dawson—one on the act of the 21st of March 1772, to recover double the value of his goods wrongfully distrained by the defendant, and the other, an action on the case at common law, for the same cause, and alleging his complaint in the same words.　The defendant arbitrated both, and report was made in both, that the plaintiff had no cause of action.　The plaintiff appealed from the decision in the case to recover double damages on the statute, but did not appeal from the action at common law, where judgment remained in full force. The court held that the plaintiff was barred, and a plea *puis darrein continuance* was held good.　In the case at bar, for the same thing, the plaintiff will recover a double satisfaction for the same injury, and the defendant will be punished twice for the same offence.　There was error in rejecting the record of the former recovery.

But it is said the declaration is bad, because no request by the plaintiff to the defendant, to deliver up the wife, and refusal by the defendant, are laid.　This objection is made on the authority of a dictum of Chief Justice Wilmot, in Winsmore *v.* Greenland, 1 *Willes* 582.　But the remark is made in reference to the third count of the declaration, but does not touch the count for enticing her away.　"It is not necessary," says the Chief Justice, "to determine, in this case, whether a request and refusal are necessary,

[Gilchrist v. Bale.]

because both are expressly laid here; but according to my present thoughts, in the case of a *detainer*, I think them necessary." But however this may be restricted to a suit for detaining the wife, yet it does not apply to an action for enticing her away; for if it is necessary to aver a request and refusal, it would be necessary to prove them. But it will hardly be pretended that a person could screen himself from punishment for such a wrong, by consenting (after the injury, which consists of the illegal and improper act of inducing her to desert her duty) to deliver up the wife on request. But this would be the consequence of holding that a request and refusal were necessary.

In other respects we perceive no error in the record.

Judgment reversed, and a *venire de novo* awarded.