## WALTON v. DICKERSON.

An attorney has no lien for his professional compensation on the papers in his hands, or on money collected by him.

Hence where an attorney, in answer to a rule for an attachment to compel the payment of money collected by him, set up a claim for compensation, (not specified in the fee bill,) and the court compelled payment of the whole amount collected, the decree is not conclusive against the right of action by the attorney for compensation; for the court had no jurisdiction to determine the claim.

IN error from the Common Pleas of Philadelphia.

*Feb.* 28.    The facts of the case are stated at length in the opinion of Mr. Justice Burnside.    The only error assigned was the charge of the court that the decree of the Orphans' Court was not conclusive.    In the answer to the rule in that court, Mr. Dickerson alleged he had always been ready and willing to pay the balance in his hands, excepting $100 which he retained for his fees; and that he claimed a lien for that amount on the fund in his hands.

*E. Townsend,* for plaintiff in error.—The decree determined the right set up, both as to the lien and the compensation.    If the lien was gone for any reason which could have influenced the court, so is the compensation: Whit. on Lien, 80, 81; Cross on Lien, 208.    The loss by forfeiture is settled in 4 Watts, 420, where the attorney does not pay until sued; and it is clear the very same claim was set up and decided upon in the former proceeding, which is therefore conclusive as *res judicata:* Marsh *v.* Pier, 4 Rawle, 273; Case of Kingston, Duch., 2 Sm. Lead. Ca. 473, in note; 5 Conn. Rep. 550.

*Dickerson,* contrà.

*March* 21.    BURNSIDE, J.—Dickerson obtained a judgment before Alderman Erety for $100 for professional services to the estate of James Walton, deceased.    From this judgment the administrator *de bonis non* appealed to the Common Pleas.    On the trial, the administrator *de bonis non* gave in evidence his petition to the Court of Common Pleas of Bucks county, on which the court

granted a rule upon Dickerson (an attorney of the court) to show cause why he should not pay over the moneys collected for the estate of James Walton from Benjamin Brown, as set forth in the petition. In answer to the rule, Dickerson returned a statement of the various services he had professionally rendered the estate, and of the money he had collected, and how he had paid and disposed of it, and the balance under his care, and why it was there, and his claim of $100 as fee for his trouble. On the 25th March, 1845, the court made the rule absolute and ordered an attachment, on which the whole money, without any deduction for professional services, was paid. After that payment this action was instituted. On the trial, the whole record and proceedings in Bucks county being in evidence, the counsel of the plaintiff in error requested the court to instruct the jury, "that the decree of a court having jurisdiction of the matter on a proceeding to attach an attorney of the same court, and to compel payment over of the moneys collected for his client, wherein the attorney asserts his right to deduct his fee, and it is decided against him, is a conclusive evidence against him in a subsequent action for the same fee."

To which the learned judge answered in his charge : " I am satisfied that there is nothing in the record of the Common Pleas of Bucks county to preclude the plaintiff from recovering in this suit."

This answer of the court is assigned for error. The duties and responsibilities of an attorney in this state are more numerous and very different from the duties and responsibilities of an attorney in England, and this is particularly so in regard to decedent's estates. They have to guard the executor or administrator in every step to enforce the collection of debts due the estate, and to resist improper claims. These trusts require care, attention, and vigilance ; or the administrator or executor will be held responsible. The duties of the professional adviser are often complex and difficult, and our law allows a proper compensation adapted to the particular case.

These views have led to a change in our decisions. In Mooney *v.* Lloyd, 5 Serg. & Rawle, 412, a majority of the court held that an attorney or counsellor at law could not support an action against his client for advice or services. In Gray *v.* Brackenridge, a majority of the court held it was not error to charge the jury to permit them to allow the plaintiff a *quantum meruit* for his services : 2 Penna. Rep. 75. But in Foster *v.* Jack, 4 Watts, 334, this question was put at rest ; and there it was solemnly settled that a member of the bar may maintain an action on an implied assumpsit for

professional services rendered by him, without regard to the character of the services.

A former recovery may be given in evidence, and in general it is equally available whether pleaded in bar or given in evidence on the trial: 17 Serg. & Rawle, 319.   Was there a former recovery here?   It is the duty of every court to take care that its process is not abused, and that its officers perform their duty.   On the petition to the court and answer, there were mixed questions of law and fact; and the court were right in ordering the money to be paid over.   I am not aware of any decision of this court that gives an attorney either a lien on the papers of the client, or on the money he collects for his fees; generally these controversies involve disputed *facts*, which a court is incompetent to determine; when an attorney admits in his answer that he has received money, let him pay it to his client.   The English rule is changed, and a right given him to recover for his services.   His remedy is ample.   We adhere to the rule in Bredin *v.* Kingland, that where he has collected money, and refuses to pay it over until sued, he is entitled to no compensation for his professional services.   The order of the Common Pleas of Bucks county that Dickerson should pay over the money collected was strictly correct; but that was no trial of this action, nor was the court competent to try the disputed facts stated in his answer.   That decision of the court did not prevent Dickerson from instituting this action.   There was no error in the instruction of the court on the point raised before us.

The judgment is affirmed.