## JOHN PALMER *vs.* CHARLES CROOK.

Objections to the competency of answers in a deposition taken under a commission may be first made at the trial.

In an action for the seduction of the plaintiff's wife, the statements of the wife, prior to the alleged seduction, concerning her husband's cruel treatment of her, are admissible in mitigation of damages.

ACTION OF TORT for seducing the plaintiff's wife, and alienating her affections from him.

At the trial in the court of common pleas, before *Byington*, J., the defendant introduced the depositions of the wife's father and mother, tending to prove that the plaintiff had cruelly treated his wife, and neglected to provide for her, in consequence of which she had returned to her father's house before the time of the alleged seduction.

These depositions contained some interrogatories and answers concerning difficulties interposed by the plaintiff to his wife's being visited by her father and mother, and concerning judicial

proceedings commenced against the plaintiff by his wife. These interrogatories had been objected to by the plaintiff, in writing, before the commission issued; and the defendant contended that the plaintiff could not object, at the trial, to the answers to such interrogatories, for any other causes than those assigned in his former objections. But the judge ruled, that if the answers were incompetent on other grounds, the plaintiff might now object to them for such incompetency; and rejected those parts of the deposition.

The judge also, upon the motion of the plaintiff, and against the defendant's objection, rejected other parts of the depositions, containing testimony to complaints made by the plaintiff's wife of his ill treatment of her prior to the alleged seduction.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. Gaston*, for the defendant.

*J M. Keith*, for the plaintiff.

BIGELOW, J. The objections taken by the plaintiff to certain portions of the depositions offered by the defendant go to the competency of the evidence, and not to the form of the interrogatories. They were therefore open to him at the trial. Rev. Sts. *c.* 94, §§ 26, 30. *Atlantic Mutual Fire Ins. Co.* v. *Fitzpatrick*, 2 Gray, 279. *Heywood* v. *Reed*, 4 Gray, 579. And they were all well taken, and the evidence was rightly rejected, as being wholly collateral and irrelevant to the issue, or as proving facts of which there was better evidence in existence, except those parts of the depositions which tended to show that the wife of the plaintiff complained of his ill treatment of her prior to the alleged criminal intercourse with the defendant.

These were competent, and should have been admitted. In actions for criminal conversation, one of the principal grounds on which the husband is allowed to recover damages is, that by the wrongful act of the defendant he has been deprived of the confidence and affection of the wife. If the defendant invaded domestic peace, destroyed conjugal felicity, and by his solicitations alienated and seduced the wife's affections from a kind and tender husband, he inflicted a much more

grievous wrong, and incurred a far heavier penalty in damages, than he would have done if love and harmony and affectionate intercourse had been previously impaired or lost, through the misconduct and cruel treatment of the husband.

The state of the wife's mind and feelings towards the hus band before the alleged infidelity is therefore directly in issue, as bearing on the question of damages; and it may be shown, in the usual mode in which proof of such a fact is made in courts of law, by evidence of declarations and statements of the wife, indicating the condition of her affections towards her husband during their cohabitation and prior to the alleged seduction. Such is the rule, whenever it is necessary to show the mental feelings of an individual. The usual expression of them by contemporaneous complaints and admissions is original evidence. They are in the nature of *res gestæ*, accompanying the subject matter of inquiry, and giving character and signifi- cance to the acts and conduct to which they relate. By this proof, the true nature of the cohabitation of husband and wife might be best shown; and by confining it to a period of time contemporaneous with their cohabitation, and prior to any mis- conduct on her part with the defendant, all danger of any im- proper use of such testimony is avoided. This evidence is not admitted under any exception to the general rules regulating the competency of evidence, nor for the reason that proof of the facts might otherwise be difficult, but because it falls within the principle, that it is the best and original evidence of the facts. *Trelawney* v. *Colman*, 2 Stark. R. 191, and 1 B. & Ald. 90. *Willis* v. *Bernard*, 8 Bing. 376, and 1 Moore & Scott, 584. *Winter* v. *Wroot*, 1 M. & Rob. 404. *Gilchrist* v. *Bale*, 8 Watts, 355. *Exceptions sustained.*