## Converse *versus* Colton.

*Explanation of award by arbitrator, when admissible.— Recovery in former suit, when an estoppel.— Extent of, established by the record, and explained by extrinsic evidence.*

1. Where in an action for breach of contract to float logs to a certain boom, a former recovery in trover for their value was set up in defence, and the record of the suit given in evidence, it was held competent for the plaintiff to show by one of the arbitrators in the trover suit, that an award was made and recovery had by the plaintiff for only a small portion of the lumber declared for in that action.

2. The recovery in trover from a third person who had taken the logs as his own, was not applicable, as an estoppel; for the defendant, the contractor, was neither party nor privy to the suit; the title to the lumber converted passed by the recovery to the defendant therein, and for so much of it only, the plaintiff could not recover in the subsequent action for non-delivery under the contract.

ERROR to the Common Pleas of *Tioga county.*

This was an action of *assumpsit,* by M. M. Converse against Henry Colton and Harrison Parkman, and was based on a parol contract, by which it was averred they had undertaken to float a quantity of plaintiff's logs into his boom in the Susquehanna, at Williamsport. The writ was not served on Parkman.

The material facts of the case were these:—In the winter of the year 1856, Henry Colton and Harrison Parkman were engaged in getting in logs for Phelps, Dodge & Co., whose mill is about three miles above the mouth of Pine creek, in Tioga county. Before the drive of the logs started, Colton agreed to drive to the Williamsport boom certain logs belonging to M. M.

[Converse v. Colton.]

Converse, which had been started the season before, but which had been left along the banks of Pine creek below the point from which Colton's drive was to begin. In the spring of 1857 Colton started with the logs of Phelps, Dodge & Co., and his men put into the water the logs of Converse when they were reached. When the whole drive arrived at the mill of Phelps, Dodge & Co., Mr. Campbell, their agent, turned all of them into his boom, supposing that all of the logs belonged to the firm of which he was the agent.

In January 1859, Converse brought an action of trover and conversion against Campbell for these logs. The case was arbitrated, and Converse obtained a judgment, which was not appealed from. He subsequently received the money from Campbell, and satisfied the judgment.

In August 1860, this suit was commenced by Converse against Colton and Parkman to recover damages for an alleged breach of the contract for the non-delivery of the logs into his boom at Williamsport. On the trial, the defendant, after giving in evidence the above facts, offered the record of the suit against Campbell.

Having given in evidence the record in said action of trover, the plaintiff offered to prove by J. F. Donaldson, one of the arbitrators before whom the case was tried, that the proof made by Campbell, defendant in said case, showed that but a small portion of the lumber claimed came into his possession, and was converted by him; and that the award was only for the value of the quantity so converted.

To this offer defendant objected—

1. Because it was not the best evidence that the case admitted of.

2. Because it was not rebutting to anything proved by defendant in this case. And,

3. Because it was irrelevant.

The court sustained the objections, and rejected the evidence.

The counsel for plaintiff then requested the court to charge the jury,

1. That the measure of damages is the value of the lumber at the place where it was to be delivered, less the contract price for floating the same.

2. That a judgment in trover operates to pass the title to the property for which a recovery is had, from the plaintiff to the defendant; but does not pass title to that for which no recovery was had.

3. That the judgment on the award in No. 155, February Term 1859, has no necessary effect to extinguish the plaintiff's claim beyond the value of the property recovered for in said cause.

4. That the pleadings not showing the cause of action to be the same in No. 155, February Term 1859, and in this case, it

[Converse *v.* Colton.]

is a question of fact for the jury whether any, and if any, what portion of the goods claimed in this case were recovered for in No. 155, February Term 1859.

5. That if the jury believe that the whole of the logs claimed by the plaintiff in this case might have been recovered in the suit against E. B. Campbell, that Henry Colton or H. Parkman had knowledge of the fact that the logs were all in the possession of E. B. Campbell; that Colton attended said trial as a witness for the defendant, and failed to communicate to the plaintiff his knowledge of the facts necessary to enable him to recover, and that in consequence of such failure to put the plaintiff in possession of the facts in his knowledge, the plaintiff was able only to recover a small portion of the lumber in question; that he is now estopped from setting up the failure of the plaintiff to recover in that action, as a defence against a recovery in this.

Under the ruling of the court, there was a verdict and judgment in favour of the defendant.

The plaintiff thereupon sued out this writ, averring here that the court below erred

1. In rejecting the evidence embraced in plaintiff's written offer, as above stated.

2. In their answer to the plaintiff's 2d, 3d, and 4th points. And,

3. In refusing to charge as requested in plaintiff's 5th point.

*H. W. Williams* for plaintiff.—The judgment in trover, set up by defendant as an estoppel on the trial of this case, was for a much less sum than the value of the logs claimed by plaintiff in that case. The evidence of J. F. Donaldson was offered for the purpose of explaining that the evidence before the arbitrators showed that but a small portion of the lumber was converted by defendant. The defendant's position was, that as an action of trover and conversion had been brought to recover for one hundred and fifty thousand feet of lumber, and a judgment had been obtained for the value of six thousand feet, it was not competent to show by evidence the ground of the recovery—the whole having been claimed in the *narr.*, the plaintiff was estopped from recovering the value of the other one hundred and forty-four thousand feet upon the contract.

"Estoppel only includes parties or privies:" Whallon *v.* Scott, 10 Watts 11, 244. Here the parties were not the same. Between the defendant in this case and the defendant in the action of trover there was no privity. The first action was in tort, to recover the value of logs taken from the defendant in this case by a wrongdoer; while this was an action upon a contract for the non-delivery of the logs. Both actions could have been brought at the same time; and nothing but actual satisfaction

[Converse *v.* Colton.]

of the plaintiff's claim or cause of action in one could have been set up as a bar to a recovery in the other. If the plaintiff had been beaten, and judgment rendered against him, in the action against Campbell, there would have been a judgment covering the claim set out in the *narr.* If Colton stands in a position to avail himself of the record in that action as an estoppel, why could he not have set up such a verdict as an estoppel?

That the record in the action of trover was evidence is admitted; but it is submitted that it has no other effect than to satisfy the plaintiff's claim *pro tanto.*

But the 5th point submitted to the court raises this question in another aspect. Converse bailed these logs to the defendant to be driven to the boom. Between them, the bailor and bailee, there was an express contract for their transportation. If the logs were taken from his possession by Campbell, and he prevented thereby from delivering them, he knew it. It was his duty to disclose the facts to his employer. If he neglected to do this, and, much more, if he suppressed the facts within his knowledge, contributing thereby to the defeat of the plaintiff, it is inequitable that he should be permitted to set up a judgment rendered comparatively fruitless by such neglect or suppression as a defence against his employer, when called upon for the performance of his contract.

By standing by at the trial of the action of trover, neglecting to communicate the facts he now sets up as defence, taking the witness stand, and by his evidence giving colour to the allegations of the defendant in that case, he practically asserted the truth of these allegations—induced the plaintiff to believe that his action, except as to a small portion of his claim, was misconceived, and that an appeal would be useless. He ought not therefore to be permitted to contradict what he there practically asserted.

"An estoppel rests on the principle that every man is presumed to speak and act according to the truth and fact of the case; and the law denies him the right to contradict such reasonable presumption:" Crowell *v.* McConkey, 5 Barr 168.

*Henry C. Parsons* and *S. F. Wilson,* for defendant.—It is submitted that the evidence of J. F. Donaldson was properly rejected.

1. He was one of the arbitrators in Converse *v.* Campbell, and it was proposed to show by him "the proof made by Campbell, defendant in said case."

Instead of showing the notes of counsel taken at the time, sustained by an oath, it was proposed to substitute the imperfect recollection of an arbitrator of the entire "proof" made before him in a particular case tried several years before.

[Converse *v.* Colton.]

In Schall *v.* Miller, 5 Whart. 162, the court, in commenting upon the rejection of a judge's notes, though he had testified that he thought they were correct though not full testimony, says : " If evidence for this purpose, I do not see how we could exclude any facts which appear on the face of the notes, from the beginning to the end of the term, if pertinent to issues. This would introduce a laxity into the practice which we are not disposed to countenance. It would be unsafe to extend the rule on this subject further than has been done in cases already adjudged."

2. It was not rebutting evidence. The defendant simply offered the record in Converse *v.* Campbell, and none of the evidence given on that trial. On what principle, then, could the plaintiff in rebuttal give the entire proof made by Campbell? The effect of the recovery in that case was simply a matter of law, and the defendant so offered the record. In any event, therefore, the offer of the plaintiff was irrelevant.

3. The counsel for the plaintiff requested the court to charge the jury on five points submitted.

Their first was affirmed, and the second, third, and fourth were also affirmed, " with the additional qualification that the judgment (Converse *v.* Campbell) was not only conclusive as to these logs for which a recovery was actually had, but also for those for which a recovery might have been had in that case," adopting the language used by Chief Justice Gibson, in Hess *v.* Heeble, 6 S. & R. 61. See also Garvin *v.* Dawson, 13 Id. 247 ; Alexander *v.* Stokley, 7 Id. 301; Mann *v.* Drexel, 2 Barr 210 ; Cabet *v.* Evans, 1 Casey 312 ; Logan *v.* Caffrey, 6 Id. 199.

4. Colton's testimony in Converse *v.* Campbell was not in evidence on this trial. How, then, could the court have charged the jury as requested in the fifth point, and left to them as a question of fact the supposition of the plaintiff's counsel as to Colton's testimony ?

But if there had been such evidence, it would have been error for the court to submit such a question of estoppel to the jury : Lewis *v.* Carstairs, 5 W. & S. 209.

At the time of the arbitration between Converse and Campbell, Colton had a right to consider that performance of his contract had been waived by Converse : Grove *v.* Donaldson, 3 Harris 128.

He attended the trial as a witness, and gave his testimony as a disinterested party. All that he knew had been promptly and faithfully communicated by him to Converse. That person, by his own admission, had seen Campbell, and had promised to pay for the driving of the logs. He brought his suit with a full knowledge of the facts, and was satisfied with the award in his favour. He never appealed from it, but received the amount

[Converse *v.* Colton.]

from the defendant, and satisfied his judgment. Why, then, should not Colton be able to set up as a defence now a judgment recovered for the very same property some two years before? Alexander *v.* Stokley, 7 S. & R. 301.

The opinion of the court was delivered, May 15th 1865, by

Woodward, C. J.—The doctrine of estoppel which both parties invoked, had no application to the case, for though it is undoubted law, that matters which have been once determined by judicial authority cannot be again drawn into controversy as between the parties and privies to the determination, it is an equally unquestionable fact, that Colton, the defendant here, was neither a party nor privy to the suit which Converse brought against Campbell. That suit was an action of trover and conversion for the same lumber for which this suit was brought, and the effect of a recovery of damages by the plaintiff was to vest in Campbell the property in the lumber converted, and of course Converse could not recover against Colton for the same lumber for which Campbell had paid him. This, not on the ground of estoppel, but of title. If A. bail his chattel to B., who loses it, and C. finds it, and A. sues C. for it in trover, and recovers its value, the chattel becomes the property of C., and A. cannot assert title to it as against B. or any one else. He has no title to assert, and therefore no right of action.

But although Converse declared against Campbell for all of the lumber, it is alleged, and he offered to show that he recovered for only a very small part of it, because only a very small part of it had come to his, Campbell's, possession. For this purpose he offered Donaldson, one of the arbitrators in that suit, and the court rejected him, and this is the first error assigned.

It is said it was not the best evidence of the fact. If, as is alleged, it was proved on that trial, that Campbell kept an accurate account of the logs taken from the boom and sawed at his mill, and that they amounted to not more than six or seven thousand feet, board measure, Colton himself being a witness and fully examined, and the arbitrators made their award on that evidence, giving Converse compensation for only six or seven thousand feet of his lumber, how could these facts be better established than by one of the arbitrators? It was not in the nature of evidence in chief, else Campbell or his bookkeeper would have been the proper witness. But Colton had already given the award in evidence, and also the declaration in trover on which it was founded, and Donaldson the arbitrator was called to rebut it. Unexplained, that record imported that Converse had recovered against Campbell for one hundred and fifty thousand feet, board measure; explained as proposed, its effect would be limited to six or seven thousand feet. What could be more relevant or direct? The question was not now as to the quantity

actually got by Campbell, but it was as to the quantity recovered for by Converse; and on that question we see not that he could offer better evidence than that of the arbitrators who gave him the award.  We think Donaldson ought to have been admitted.

It is to be borne in mind that Colton could not use that record by way of estoppel, for he was not a party to it, but it was competent for him to show by the record that Converse had been paid for his lumber by Campbell, and that his title thereto had vested in Campbell.  If, however, it were placed on the law of estoppel, an award or judgment is an estoppel only as to the matters adjudicated or which might have been legally adjudicated. Campbell could not have been legally charged in that action with any more logs than he converted.  Evidence, therefore, which tended to define how many he converted was competent even to limit the effect of an estoppel.  When the cause of action in which a previous judgment has been rendered was entire, and therefore insusceptible of severance or apportionment, the estoppel will extend to the whole, and it cannot be shown that any part of that which was laid in the *narr.* was withheld from the jury, but when the cause of action was severable in its nature, although it will be presumed, *primâ facie,* that the judgment includes the whole, this presumption may be rebutted by clear evidence that it extends only to a part: Goddard *v.* Seldon, 7 Conn. Rep. 521; Hess *v.* Heeble, 4 S. & R. 246; Croft *v.* Steele, 6 Watts 373; Logan *v.* Caffrey, 6 Casey 199.  The question whether the same matters might have been litigated in both actions must be determined solely by the record: Campbell *v.* Butts, 3 Comstock 173; but if it shows that they could, then the fact that they were actually decided may, and often must, be proved by extrinsic evidence: Young *v.* Rummell, 2 Hill 478; Carmony *v.* Hoover, 5 Barr 305.  If such be the law of strict estoppel by matter of record, it seems to follow, *a fortiori,* that on a mere question of *title* the court should have limited the effect of the award to the quantity of lumber actually adjudicated, and in so far as the answers to the points came short of this, there was error.  The answers, however, were predicated of the evidence admitted, and would probably have conformed to the rule here stated had Donaldson's evidence been in.  The great error of the trial, therefore, consisted in rejecting that evidence.

When that or equivalent proof shall be admitted, it will be very apparent that Converse will have no right to recover against Colton for so much of his lumber as he recovered for against Campbell, but whether entitled to recover against Colton for the residue of his lost logs, will depend on proofs which are not upon the record, nor proper subjects for discussion at present.

The judgment is reversed, and a *venire facias de novo* is awarded.