# Chase *versus* The Ninth National Bank of New York.

1. A resident of another state who has an agent or clerk and a place of business in this state, is not exempt from process by foreign attachment.

2. The 44th section of Act of June 13th 1836 (Foreign Attachment) is not repealed or affected by the 1st section of Act of April 21st 1858.

3. Under a plea in abatement of a pending action, the plaintiff's point was: " The question is not whether the debt for which the second suit was brought could have been included in the first action, but whether it was so included," which the court affirmed. *Held* to be correct.

November 18th 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Error to the Court of Common Pleas of *Venango county:* No. 80, to October and November Term 1867.

This was a foreign attachment in an action of assumpsit, issued January 1st 1866, by The Ninth National Bank of the City of New York against George K. Chase.

On the 22d of December 1865, the same plaintiff had issued a

summons in assumpsit against the defendant, which was served on him; the declaration laid the damages at $40,000; also another summons in assumpsit on the 28th of the same month, which was served personally; the declaration laid the damages at $50,000.

In the foreign attachment the defendant filed a plea in abatement, that the suit commenced December 22d 1865 was for the same cause of action. The plaintiffs filed a replication traversing the allegations of the plea in abatement.

On the trial, before the jury were sworn, the following agreement was entered into by the parties and filed:—

"First. That the defendant, George K. Chase, at the time of issuing the writ of foreign attachment in said suit, was engaged in business in the said county of Venango, and had then and there a clerk and agent upon whom a writ of summons could have been lawfully served under the provisions of the Act of 21st April, A. D. 1858, § 1, and that said defendant was frequently in the said county before and after the date of issuing said writ; but that said defendant was then a resident of the city and state of New York, and was not within the said county of Venango at the time of the issuing of said writ.

Second. That an additional plea in abatement, alleging the above admitted facts, shall be filed; and that the cause shall be tried as if such plea were filed and now at issue in addition to the plea of the pendency of a former action heretofore filed in said cause.

Third. That the amount justly due the plaintiffs from the defendant is $21,000, with interest thereon from December 15th 1865, as per copy of claim filed.

Fourth. This agreement shall be admitted in evidence on the trial and shall be treated by the court and jury as binding upon both parties."

No other evidence appeared on the paper-book.

The plaintiff requested the court to charge the jury:—

1. That the question is not whether the debts for which the second suit was brought, could have been included in the first action, but whether it was so included.

2. That the declaration and copy of claim in the first suit, being for a different cause of action from that embraced in the declaration and copy of claim in the foreign attachment, it is the duty of the jury to find that the causes of action were not identical.

The defendant's 3d point was:—

It being admitted by the plaintiffs that the defendant at the time of the issuing of the writ of foreign attachment, had an agent or clerk at his place of business in the county, upon whom a summons could have been served, the writ of foreign attachment

[Chase v. Ninth National Bank of New York.]

against him was illegally issued, and the jury should find for the defendant.

The court (Trunkey, P. J.), affirmed the plaintiff's 1st point, and to the 2d said :—

"Affirmed—if there is no other evidence in the case. All the evidence is for the jury, and if there is evidence that the checks embraced in the declaration in the second suit or foreign attachment were actually included in the first suit, sufficient to satisfy you from its weight, then you will find the causes of action were identical."

To the defendant's 3d point the judge said :—

"Answered in the negative, on the facts as admitted in the agreement filed. The defendant, at the time the writ issued, was liable to process of foreign attachment."

There was a verdict for the plaintiffs for $23,963.33.

The defendant took a writ of error and assigned for error the answers of the court to the points submitted on both sides.

*H. C. Johns*, for plaintiff in error, cited Miller v. Fitchthorn, 7 Casey 252; McGee v. Northumberland Bank, 5 Watts 32; 3 Black. Com. 279; 6 Am. Law Reg. No. 1, p. 3, N. S.; 3 Bouv. Inst. 198, 199; Jackson's Appeal, 2 Grant 409; Fuller v. Bryan, 8 Harris 147; Penna. Railr. Co. v. Pennock, 1 P. F. Smith 250; Acts of April 21st 1858, § 1, Pamph. L. 403, April 2d 1856, § 1, Pamph. L. 219, June 13th 1836, § 44, Pamph. L. 580, Purd. 31, pl. 9, 8, 492, pl. 2; 1 Kent's Com. 423, 523; Dwarris on Stat. 569; People v. Utica Ins. Co., 15 Johns. 380; Berks County v. Bertolet, 1 Harris 523; Mayor v. Davis, 6 W. & S. 279; Com'th. v. Gregory, 2 Pars. Eq. 241; Penn Dist. Elect. Id. 526; United States v. Freeman, 3 How. 556; Johnston's Estate, 9 Casey 514; 1 Bouv. Inst. 41; 1 Kent's Com. 464; Melody v. Reab, 4 Mass. 471; Gibson v. Jenney, 15 Id. 205; Lock v. Miller, 3 Stew. & Port. 14; Sergeant on Foreign Attachment 281; 1 Smith's Laws 45; Jackson's Appeal, 2 Grant 409; Miltenberger v. Lloyd, 2 Dall. 79; Foster v. Sweeney, 14 S. & R. 386; Chorpenning's Appeal, 8 Casey 316; Broom's Leg. Max. 145; Hart v. Homiller's Executors, 11 Harris 43; Commonwealth v. Cromley, 1 Ash. 180; Lex v. Potters, 4 Harris 296; Commonwealth v. Gable, 7 S. & R. 426, 436; 5 Johns. Ch. Rep. 101; 5 Cow. 193; Rex v. Barlow, 2 Salk. 609.

*A. B. McCalmont*, for defendant in error, cited Clement v. Hayden, 4 Barr 138; Ensley v. Wright, 3 Id. 501; Beale v. Buchanan, 9 Id. 123; 3 Chitt. Pl. 905, 1158, 1214, n.; Bagot r. Williams, 3 Barn. & Cr. 235; Stafford v. Clark, 2 Bing. 377; Ravee v. Farmer, 4 T. R. 146; Cripps v. Reade, 6 Id. 607;

[Chase *v.* Ninth National Bank of New York.]

Hitchin *v.* Campbell, 2 W. Black. Rep. 827 ; 3 Wils. 304 ; Act of July 12th 1842, Pamph. L. 339, Purd. 36.

The opinion of the court was delivered, January 7th 1868, by

Read, J.—This was a foreign attachment against the defendant, a person not residing within this Commonwealth, and not being in the county in which the writ issued at the time of the issuing thereof. It is alleged, however, by the defendant that he is not within this provision, because, although a resident of the state of New York, and not within the county at the time of the issuing of the writ, he comes within the first section of the Act of 21st April 1858, Pamph. L. 403, being engaged in business in the county of Venango, and had then and there a clerk and agent upon whom a writ of summons could have been served. It is clear, from the language of this section, that it was not the intention of the legislature to repeal, or in any manner alter or affect the 44th section of the Act of 13th June 1836, Pamph. L. 580, but simply to allow the service of a summons or any writ or process upon a clerk of a person so situated with like effect as though such writ or process was served personally upon the principal—words not applicable to a writ of foreign attachment. The court were therefore right in answering the defendant's 3d point in the negative.

There was a plea in abatement of a former suit pending for the same cause of action. The paper-book of the plaintiff is made so contrary to our rules that it is difficult to ascertain what really passed upon the trial. The plaintiff requested the court to charge the jury,—

1. " That the question is not whether the debt for which the suit was brought could have been included in the first action, but whether it was so included."

This the court affirmed.

2. " That the declaration and copy of claim in the first suit being for a different cause of action from that embraced in the declaration and copy of claim in the foreign attachment, it is the duty of the jury to find that the causes of action were not identical."

The court, in answer to this point, said, " Affirmed—if there is no other evidence in the case. All the evidence is for the jury, and if there is evidence that the checks embraced in the declaration in the second suit or foreign attachment were actually included in the first suit, sufficient to satisfy you from its weight, then you will find the causes of action were identical."

The complaint of the defendant is, that these questions were given in instructions to the jury, and that the whole was matter of law for the court, to be determined by them from the pleadings. As the plaintiff has not furnished us with the evidence on

[Chase v. Ninth National Bank of New York.]

the trial, we are obliged to decide the correctness of the ruling of the court by its own language.

The first instruction is certainly correct, and the record shows there was evidence beyond the mere record itself, which, under the cases of Seddon v. Tutop, 6 Term Rep. 607, Uhler v. Sanderson, 2 Wright 128, and Converse v. Colton, 13 Id. 346, was clearly admissible, and of course must have been submitted to the jury. There was, therefore, no error in either of these instructions, and no possible injury could happen to the defendant, who could not be called on in another suit for what was included in the present recovery.

Judgment affirmed.