# Kaster v. Welsh, Appellant.

*Res judicata—Evidence—Question for jury.*

Where there is evidence, dehors the record, as to what was included and adjudicated in another action, the question must be submitted to the jury.

*Release of portion of verdict—Review.*

An order granting a new trial, unless plaintiff releases a portion of the verdict, cannot be complained of as error by defendant on an appeal.

Argued Oct. 3, 1893.    Appeal, No. 183, Oct. T., 1892, by defendant, J. C. Welsh, from judgment of C. P. Forest Co., May T., 1888, No. 30, on verdict for plaintiff, S. Kaster. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit for wages.    Before NOYES, P. J.

At the trial, it appeared that the claim was for wages for labor performed between Oct. 1, 1886, and Oct. 31, 1887. It

appeared that plaintiff and defendant had been engaged in operating two oil leases as partners. In an equity suit between them, the partnership accounts had been adjusted, but plaintiff claimed that he had not been paid for work done outside the partnership transactions.

The court charged in part as follows :

" The next important matter relates to the labor claimed for the plaintiff, performed between the 1st day of October, 1886, and the 31st of October, 1887. With respect to that, the defendant asks us to instruct you : ' That the labor claimed for by the plaintiff, accruing between October 1, 1886, and October 31, 1887, was adjudicated, in No. 1, Sept. term, 1889, in equity ; and cannot be considered by the jury in this action as an item in controversy, and no recovery can be had by the plaintiff for the same or any part thereof.'

" In answer to this point, we say to you, that from the record of the case at No. 1, Sept. term, 1889, which has been given in evidence, and which is for us to construe, some labor performed by the plaintiff between the dates mentioned in the point was adjudicated. The case shows that that labor was labor which entered into the expense of operating two leases, known and referred to in this case as the Green and Hague leases. That the defendant in that case, seeking an account of the partnership transactions, and alleging that the plaintiff and himself were partners in the operation of those two leases, and in his bill, he set out that it was agreed, in substance, that all the unsettled accounts for labor due from himself to the plaintiff, as well as what he should earn afterwards, above what would be necessary for his support, should be applied upon the bonus and operating expenses of those leases. That was one of the matters which was controverted and litigated in that case.

" The master allowed and took into consideration, as part of the expenses of operating the leases, the labor performed by this plaintiff (the defendant in that case) in connection with those leases, and allowed him three fourths of that labor as a credit.

" Now, gentlemen, you will not allow in this case any part of the labor or salary which was adjudicated in the equity case. That has been disposed of, and the plaintiff has had credit for that. But if you find in the case any evidence of labor per-

formed or services rendered between the dates mentioned, the first of October, 1886, and the 31st of October, 1887, outside of labor upon those leases, or in connection with them, and which would form part of the expenses of those leases, then it has not been adjudicated and it may be taken into account in this case. How the evidence is as to that, and under what circumstances the labor was performed on those leases, I leave to you as a question of fact." [1, 2]

Verdict for plaintiff for $1,399.81.

On a motion for a new trial the court ordered that a new trial be granted, unless plaintiff accept a verdict for $306.31, because the amount beyond that had been already by mistake included in the equity decree. Plaintiff released the excess of the verdict and judgment was entered accordingly. Defendant appealed.

*Errors assigned* were (1, 2) instructions, quoting them.

*J. H. Osmer, P. M. Clark* with him, for appellant, cited : Rockwell v. Langley, 19 Pa. 502 ; Bower v. Tallman, 5 W. & S. 556.

*W. E. Rice, W. D. Hinckley, S. D. Irwin* and *T. F. Ritchey* with him, for appellee, cited : Chase v. Ninth National Bank, 56 Pa. 355 ; Converse v. Colton, 49 Pa. 346 ; Packet Co. v. Sickles, 5 Wall. 590.

PER CURIAM, October 23, 1893 :

Both specifications of error are to part of the learned judge's charge, recited therein, intended as his answer to defendant's second point, and are practically the same.

An examination of the record has satisfied us that there is no error in said answer. Plaintiff's claim, in this case, is for services rendered to defendant, individually, and not for wages earned by services performed on or in relation to either of the leases in which the partnership was concerned. There was some evidence tending to sustain the claim, and hence the court could not, as matter of law, instruct the jury that plaintiff's claim had been adjudicated in the equity case. Where there is evidence dehors the record, as to what was included and adjudicated in another action, the question must be sub-

mitted to the jury : Converse v. Colton, 49 Pa. 346 ; Chase v. The Bank, 56 Pa. 355.

The verdict in favor of plaintiff was for $1,399.81, and, on defendant's motion for a new trial, it was ordered, for reasons stated in the learned judge's opinion, that the same would be granted, unless plaintiff remitted all of the amount found by the verdict except the sum of $306.31, and thereupon he did release so much of the verdict as was in excess of that sum. The defendant cannot, of course, complain of that. If it had not been done, judgment would have been against him for the full amount found by the jury.

There appears to be nothing in the record that requires a reversal of the judgment entered on the verdict thus reduced in pursuance of the conditional order of court. Substantial justice was effected thereby.

Judgment affirmed.