Conshohocken Tube Company, Appellant, *v*. Western New York and Pennsylvania Railroad Company, I. G. DeCoursey, Receiver, Garnishee.

*Foreign attachment—Effect of uncontradicted answers to interrogatories.*

Where, in foreign attachment, the garnishee answers to interrogatories filed that, prior to the date of the issue of the attachment, the defendant had assigned the moneys due him by the garnishee to a third party, and there is no evidence to contradict the answer or to prove the assignment fraudulent, the answer must be taken to be true, and the amount covered by it is not for the consideration of the jury.

Argued April 8, 1896. Appeal, No. 227, Jan. T., 1896, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1894, No. 25, on verdict for plaintiff for less than it claimed. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Foreign attachment. Before FINLETTER, P. J.

From the record it appeared that the attachment issued on January 8, 1894. Judgment was obtained against the defendant for $6,868.40, and interrogatories served on the garnishee, who by his answer admitted that prior to July 8, 1892, he had sundry transactions with the defendant under which moneys became due and payable to the defendant for the mileage earnings of railroad cars, but that on July 25, 1893, the defendant transferred to the Railroad Equipment Company all its right to these mileage earnings. The garnishee therefore averred that he had no moneys in his hands due to the defendant on account of mileage earnings. The notice of the assignment was served upon the garnishee on July 28, 1893. A copy of the assignment was attached to the answers filed showing the consideration for the transfer to be the sum of $10.00, for which the Iron Car Equipment Company assigned to the Railroad Equipment Company all moneys then due or hereafter to become due from mileage earnings of cars leased by the defendants to the garnishees. The garnishee filed a plea of nulla bona and the case came to trial. At the trial it appeared that the garnishee owed the defendant $441.33 on material account not covered by the as-

signment.   The court directed a verdict for plaintiff for $441.33.

Verdict and judgment for plaintiff for $441.33.   Plaintiff appealed.

*Error assigned* was above instruction.

*D. Webster Dougherty*, *Henry M. Tracy*, with him, for appellant.—The inadequacy of consideration for the assignment; the insolvency of the assignor at the time ; the existence of creditors who were pursuing the defendant for this debt, and the assignment of assets by the directors to a syndicate largely composed of themselves, raise a strong presumption of legal fraud, which the claimants should rebut: Montgomery Web Co. v. Dienelt, 133 Pa. 585 ; 8 Am. & Eng. Ency. of Law, 752 ; Elliott's Executor's App., 50 Pa. 82.

If a voluntary gift or a sale for a nominal consideration is made by an insolvent to one indebted, it is void under the statute of 13th Elizabeth as to the existing creditors without a fraudulent intent, and as to subsequent creditors it is void on proof of a fraudulent intent: Thompson v. Dougherty, 12 S. & R. 448 ; Harlan v. Maglaughlin, 90 Pa. 293 ; Monroe v. Smith, 79 Pa. 459 ; Mater v. Hissom, 3 P. &. W. 161 ; Snyder v. Christ, 339 Pa. 499 ; Forsythe v. Matthews, 14 Pa. 104 ; B. & O. R. R. v. Hoge, 34 Pa. 221.

*J. S. Clark*, *R. C. Dale* with him, for appellee.—There was no evidence to overcome the answer: Mead v. Conroe, 113 Pa. 220 ; Morton v. Weaver, 99 Pa. 47 ; English's App., 119 Pa. 533 ; Kitchen v. McCloskey, 150 Pa. 376 ; Reehling v. Byers, 94 Pa. 316 ; Brown v. McCormick, 135 Pa. 434 ; Silliman v. Haas, 151 Pa. 52.

Per Curiam, April 27, 1896 :

It was incumbent on plaintiff company, in this issue, to show how much, if anything was owing by the garnishee company to the defendant in the judgment.   For that purpose, it gave in evidence the answers of the garnishee company's receiver, in which he admitted that, prior to July 23, 1893, nearly six months before the writ of foreign attachment was issued, he had sundry transactions with said defendant wherein certain

sums of money became due and payable to it for mileage earnings of railroad cars; but, in the same connection, he averred that on said day it transferred to the Railroad Equipment Company all its right to said earnings, and in consequence of said transfer or assignment, a copy of which is attached to his answer and made part thereof, he had no money in his hands due to said defendant on account of said mileage earnings.

The material averments of fact contained in the answers, thus put in evidence by the plaintiff, were prima facie true; and, in the absence of any testimony tending to prove the contrary, they were conclusive in favor of the garnishee company, so far as any indebtedness on account of said mileage earnings was concerned; and hence there was no error in refusing to submit that matter to the jury. That branch of the plaintiff's claim having been properly excluded from the consideration of the jury, the only remaining item was $441.33 for material account, not covered by the assignment above referred to. As to that, the learned judge directed the jury to find for the plaintiff.

There is nothing in either of the specifications of error that requires further notice.

Judgment affirmed.