## Hasler & Co., Inc., v. Forde Construction Co. et al.

*Foreign attachment—Defenses by garnishee.*

1. In foreign attachment a garnishee has a right, as well as a duty, to interpose any just defense a defendant has against the plaintiff at any stage of the proceedings.

*Foreign attachment—Foreign corporation—Place of business in Pennsylvania.*

2. Although a foreign corporation has established an office in Pennsylvania with an agent therein upon whom service of process may be made, and has also registered with the Secretary of the Commonwealth and authorized him to accept service in its behalf, it may, nevertheless, be sued by foreign attachment.

Chase *v*. Ninth National Bank of New York, 56 Pa. 355, followed, and the principle critically examined.

*Foreign attachment—Property in State—Record—Judgment.*

3. No judgment can be entered in foreign attachment proceedings where it affirmatively appears from the record that no property of the defendant was attached.

*Foreign attachment—Affidavit to statement of claim and cause of action—Information and belief.*

4. In foreign attachment, affidavits to statement of claim and cause of action are insufficient if they are made on information and belief without any averment that the affiant expects to be able to prove the facts therein alleged to be believed.

*Contracts—Admiralty law—Substitution of vessel.*

5. A contract for the letting of a vessel named or substituted does not call for the substitution of another vessel if the one named is lost.

Rule to strike off judgment and dissolve writ of foreign attachment. C. P. No. 1, Phila. Co., June T., 1926, No. 24.

*William J. Conlen,* for garnishee and rule.

*Acker, Manning & Brown,* for plaintiff, contra.

KUN, J., April 28, 1928.—This is an action of *assumpsit* begun by foreign attachment issued April 15, 1926, by Hasler & Co., Inc., plaintiff, against Forde Construction Company, a Delaware corporation, defendant. Wistar, Underhill & Nixon were summoned as garnishee. The return was *nihil habet* as to the defendant. The garnishee entered an appearance. At the time the writ was served, defendant was duly registered by the Secretary of the Commonwealth to do business in the State, and had a place of business, an officer and agent in the City and County of Philadelphia, where service of a writ of summons could have been made. Moreover, defendant company, in registering in this State, duly authorized the Secretary of the Commonwealth to accept service on its behalf of any legal process issued against it in this State.

Plaintiff filed its statement of claim and its affidavit of cause of action. Plaintiff did not serve a copy of either the statement of claim or the affidavit of cause of action on garnishee. Plaintiff did not aver either in its statement

of claim or its affidavit of cause of action that property of the defendant was attached. Plaintiff entered judgment against the defendant for want of an appearance on March 7, 1927, and served interrogatories on garnishee with rule to answer. Garnishee filed sworn answers to the interrogatories, stating that no property of whatsoever nature of the defendant was at any time in their possession or control. Plaintiff filed exceptions to garnishee's answers, and garnishee moved the court to grant a rule upon plaintiff to show cause why the judgment should not be stricken off and the attachment dissolved. The rule was allowed.

The court, on July 12, 1927, discharged the rule and ordered the assessment of damages; it also ordered the interrogatories, answers to interrogatories and exceptions to interrogatories stricken off. Subsequently, on July 22, 1927, damages were assessed against defendant. Interrogatories were served on garnishee with rule to answer. Garnishee filed sworn answers to interrogatories, stating that no property of whatsoever nature of the defendant was at any time in their possession or control. Plaintiff filed rule for judgment against garnishee for want of sufficient answers to interrogatories. Plaintiff also filed exceptions to garnishee's answers, and garnishee petitioned the court to grant a rule upon plaintiff to show cause why the judgment should not be stricken off and the attachment dissolved. The rule was granted and argued before this court on Sept. 19, 1927. On Sept. 30, 1927, plaintiff filed a "supplemental affidavit of statement of claim, setting forth added facts."

The first question raised is as to the jurisdiction of the court. It has been held that, as to this question and all others, a garnishee undoubtedly has a right, as well as a duty, to interpose any just defense a defendant has against the plaintiff at any stage of the proceedings: Melloy v. Burtis, 124 Pa. 161; Keystone Brewing Co. v. Canavan, 221 Pa. 366, 372.

On the point of jurisdiction, the precise question raised in this case has not been before the appellate courts in this State. The act governing foreign attachments as respects this question is the Act of June 21, 1911, § 1, P. L. 1097, which provides as follows: "A writ of foreign attachment, in the form aforesaid, may be issued against the real or personal estate of—(a) any person not residing within the Commonwealth and not being within the county in which such writ shall issue at the time of the issuing thereof; or (b) of any corporation incorporated under the laws of any other state or nation, in all actions ex contractu and in actions ex delicto for a tort committed within this Commonwealth."

The nature and purpose of the writ of foreign attachment was precisely defined in the case of Raymond v. Leishman, 243 Pa. 64 (1914), in which the court said, at page 69: "Foreign attachment, under our statute, is the equivalent of a summons for commencement of a personal action: Megee v. Beirne, 39 Pa. 50, 62. It is a process by which to commence a personal action and compel an appearance: Albany City Ins. Co. v. Whitney, 70 Pa. 248. The foundation for the writ is that the defendant is beyond the reach of process and his property within it: Pennsylvania R. R. Co. v. Pennock, 51 Pa. 244. The purpose of the statute is to compel the constructive presence in court of the defendant, who, by reason of his absence from its jurisdiction without a dwelling-place therein, cannot be served with a summons. The law regards it the duty of a debtor to answer the demand of his creditors and permit his indebtedness to be litigated when it is due, and if he is beyond the usual process of the court, they are remediless, unless they may invoke the remedy to compel his appearance by seizure of his property. In construing the statute

authorizing the issuance of the writ, its object should be kept in view so as to accomplish the intended purpose."

That the real basis of the writ is that defendant is beyond the usual process of the court is particularly emphasized by the extraordinary case just referred to, in which the writ was allowed against an Ambassador to Germany at the time, although it was admitted his legal domicile was in the county, the reason being that he had been out of the county so long he was in fact beyond the usual process of the court. So it seems that neither domicile nor residence is controlling.

Now, it would seem that the nature and purpose of the writ cannot be held to be one thing where the defendant named is an individual and another thing where the defendant named is a corporation. The purpose of the writ is to compel the defendant to appear, but if he or it may be legally served with a summons, is there legal justification for attaching defendant's property? As stated in the case of Albany City Ins. Co. v. Whitney, cited in the quotation *supra,* foreign attachment is a process to commence a personal action and compel an appearance, so that if the defendant, although a non-resident (a foreigner to the State), is within the county at the time, a foreign attachment may not be issued against him. The reason is that he may be served with an ordinary summons. It would seem to follow that if a foreign corporation is within the county so as to be subject to the service of ordinary process of the court, that is to say, has an office therein, an officer and agent in charge, and under the requirements of the laws of the State for the admission of foreign corporations to do business therein, the Secretary of the Commonwealth has been appointed in writing its attorney or authorized agent upon whom all lawful processes may be served, a foreign corporation so situated ought not to be subject to the writ of foreign attachment, because it cannot be said in such case it is beyond the usual process of the court.

It is presumably on this theory that President Judge Martin, of Court of Common Pleas No. 5, in a recent case, Louis Sabarof & Son v. Central of Georgia Ry. Co., 9 D. & C. 238, dissolved an attachment, although plaintiff's affidavit of cause of action set forth that the defendant was a Georgia corporation, a non-resident of Pennsylvania, because it failed to set forth "the additional necessary fact that defendant has no place of business, office or agent within the State where or upon whom process may be served." It was likewise ruled in Perrine v. Evans, 6 Vroom (N. J.), 221, that, though the defendant was a foreign corporation, it was not liable to foreign attachment in New Jersey because it carried on its business and had an office in that state and one of the officers resided there. Undoubtedly, as stated in German-American Coffee Co. v. Diehl, 216 N. Y. 57, the fiction of origin of residence must be disregarded for many purposes when a corporation goes into another state and there transacts business. In other words, the old fiction that a corporation cannot be anywhere but in the state of its incorporation, its technical domicile, must give way to the fact that foreign corporations, by their officers, agents, managers of all kinds, do go into business and establish offices and formally register to do business and appoint certain state officers as their attorneys-in-fact to accept service of process in many other states than the ones in which they are incorporated. As a matter of fact, it frequently happens that in the state of its incorporation, a corporation has nothing more than its legal office with a firm of lawyers or some incorporating company, without any property in the state whatsoever. May a corporation in such a situation, notwithstanding it has its property, does business and has its office located in a state, be subject to foreign attachment in that state, although in

such case it is admitted that the defendant could be served with an ordinary summons? As stated, the precise question has not been before the appellate courts in this State. There are a number of Common Pleas Court cases which have taken the adverse position to that indicated by President Judge Martin: Pain's Co. v. Lincoln Co., 5 Dist. R. 474; Diener v. Wopsononock Co., 10 Dist. R. 57; Riordan v. West Coast Co., 23 Dist. R. 831; Brenner & Co. v. Erie Iron Co., 28 Dist. R. 927. The basis of these decisions seems to be largely that the right as against corporations is statutory without qualification.

Without regard, however, to any reasoning that may be applicable to the case and the consideration that the nature and purpose of the writ of foreign attachment is as indicated, and that the foundation of the writ is that the defendant is beyond the reach of process, as has been stated in numerous cases, the case of Chase v. Ninth National Bank of New York, 56 Pa. 355, sustained the issue of a writ of foreign attachment because defendant was out of the county, although it was stipulated in the case that the defendant was engaged in business in the county and had then and there a clerk or agent upon whom a writ of summons could have been lawfully served. This court is bound by that decision, under which we must hold defendant, a foreign corporation duly registered with the Secretary of the Commonwealth, authorized by it to accept service of process on its behalf, having a place of business in the county and an agent or officer in the county at the time, upon any of whom ordinary process can be served; in other words, a foreign corporation entirely within the reach of ordinary process, is, nevertheless, subject to foreign attachment.

We now come to the next question. The sheriff's return indicated that no property of the defendant was attached. The plaintiff filed a statement of claim and affidavit of cause of action, but did not aver in either of them that property of the defendant had been attached. This was error: Mindlin et al. v. Saxony Spinning Co. et al., 261 Pa. 354 (1918). Thereafter, judgment was entered, interrogatories were filed, and in the sworn answers the garnishee declared that they had no property in their possession belonging to the defendant. Thus, it affirmatively appeared on the record that no property of the defendant was attached. The answers put in are *prima facie* true, in the absence of testimony tending to prove the contrary, and are conclusive in favor of the garnishee: Conshohocken Tube Co. v. Western New York & Pennsylvania R. R. Co., 175 Pa. 235.

In the opinion heretofore filed by the court it was said: "If the affidavit of cause of action had been filed pursuant to the garnishee's rule therefor, it would have unhesitatingly dissolved the attachment, because the affidavit of cause of action is fatally defective, both in form and substance." That the affidavit of cause of action was filed by the plaintiff voluntarily and not in pursuance to garnishee's rule does not make it any the less its affidavit of cause of action: Kamsler v. Parker Stores, Inc., 2 D. & C. 318. The affidavit being defective in form and substance, the attachment should have been dissolved.

The statement of claim filed does not set forth a cause of action. Plaintiff seeks to recover on a contract for the letting of a schooner, "Benjamin A. Van Brunt," "or substitute, of New York, of the burden of 1191 gross tons or thereabouts." From the plaintiff's statement it appears that the schooner "Benjamin A. Van Brunt" became a total loss (an exception in the contract). On the assumption that the defendant was, notwithstanding the loss of the vessel named, obligated to furnish a substitute, and, having failed to do so,

the plaintiff engaged another vessel, and the amount claimed is the excess cost alleged to have been incurred by the plaintiff in so doing. The obligation of the defendant under the contract was not to furnish one of two vessels, but one vessel only. That vessel was named. The provision for a substitute is one frequently used in contracts of this kind, called charter parties, and is intended to give to the owner an option to substitute another vessel for the one named. It seems to be the clear intent of the contract, however, if the vessel named is lost, the obligation to furnish a vessel is terminated. The question has never been raised in this country, because it seems to have been assumed that that is the case, and no one has, so far as any reports of cases disclose, heretofore asserted the right to have a vessel substituted under such a provision if the vessel named was lost. There is, however, a decision against this asserted right in the High Court of Justice, King's Bench Division, reported as Alex. King v. Howden Bros., 15 Irish Law Times Reps. 27 (1916).

It also appears that in the statement of claim filed the damages claimed are stated to be "as nearly as the same can now be estimated, amount to the sum of $1085.24." A rule to assess damages was subsequently filed and damages assessed for $1197.59.

The affidavits to the cause of action, the statement of claim, and to the so-called amended statement of claim, are all on information and belief, without any averment that the affiant expects to be able to prove the facts therein alleged to be believed. It is settled that such an affidavit to the cause of action is insufficient: McLennan v. Public Utilities Construction Co., 245 Pa. 567. The affidavits to the statement of claim are also insufficient, not complying with Rule 45 of the court and section 9 of the Practice Act of 1915. It is urged that this rule applies only to affidavits of defense. There seems to be no such distinction made in the decisions, and certainly there is no such distinction made in the Practice Act. On the contrary, the provisions as to the requirements of affidavits to statements of claim (section 9) and as to affidavits of defense (section 12) are identical. Accordingly, the interpretation of the statute, whether applied to affidavits to statements of claim or to affidavits of defense, must be the same: Newbold v. Pennock, 154 Pa. 591; Mendenhall v. Jackson, 268 Pa. 123; Dayhoff v. Masland, 29 Dist. R. 393; Cohen v. Snyder, 30 Dist. R. 1008; Paul v. Hargey, 10 D. & C. 82.

It is unnecessary to pass on other questions raised in the case. For the reasons stated, the rule to strike off judgment and dissolve writ of foreign attachment is made absolute.