Klein, Appellant, v. Gaston de Paris, Inc. et al.

Argued November 11, 1930.

Before TREXLER, P. J.,
KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and
WHITMORE, JJ.

H. *Leon Bennett,* and with him *Milton Apfelbaum,*
for appellant, cited: Lehigh Coal & Nav. Co. v. Skeele
Coal Co., 265 Pa. 534; Hasler v. Forde Co., 10 District
and County Reports 641.

*George A. Maene,* and with him *Chas. F. Phillips,*
for appellee, cited: Raymond v. Leishman, 243 Pa.
64; Mindlin et al. v. Saxony Spinning Co. et al., 261
Pa. 354.

OPINION BY BALDRIGE, J., December 27, 1930:

The plaintiff in his cause of action averred that the
defendant, a foreign corporation, ''has property and
choses in action located in the State of Pennsylvania.''

We regard the averment as fatally defective, not,
however, for the failure to aver that the defendant
had no agent within the Commonwealth upon whom
process could be served, which was the view taken by
the learned court below. A resident of another state
who has an agent or clerk in his place of business
in this Commonwealth is not exempt from process of
foreign attachment (Chase v. The Ninth National
Bank of New York, 56 Pa. 355); therefore, it is not
a jurisdictional fact which must be alleged. But the
plaintiff must aver the presence of the defendant's
property, real or personal, within the county at the
time of the issuance of the writ, or if it is intangible
property, that there is money, choses in action, etc.,
of the defendant in the possession of, or due or owing

to it by, someone capable of being summoned as garnishee within the county. The omission to set forth these indispensable facts is fatal to the proceeding.

See opinion filed this day in the case of Morinelli v. H. P. Garin Company and Market Street National Bank, garnishee.

Order affirmed.